(50 App. Div. 499.)

## TRIPP v. SMITH.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. REPLEVIN—VERDICT—SUFFICIENCY—APPEAL.
   A verdict for plaintiff in replevin which fixes the aggregate value of the property in controversy, without specifying the value of each item, will be sustained, where defendant was not prejudiced thereby, and no objection to the form of the verdict was made below.

2. SAME.
   In the absence of objections to the form of a verdict in replevin, it will be assumed on appeal that the jury assessed the value of the property at the time of the trial, when so instructed by the court, though the exact language expressing it does not appear in the verdict.

3. PAROL EVIDENCE.
   The terms of a full and complete written contract cannot be contradicted by parol evidence.

Appeal from Kings county court.

Action by Franklin M. Tripp against Annie P. Smith. From a judgment for plaintiff, and an order denying a motion to set aside the verdict, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Horace Graves, for appellant.
Charles M. Stafford, for respondent.

HATCH, J. The action was replevin of a quantity of household furniture which had been stored with the defendant in her storage warehouse. Prior to the institution of the action the property had been sold, and the articles were therefore not taken into the possession of the court. The contract of storage was in writing, and fully and completely expressed the entire contract at the time the goods were delivered to the defendant. The rate of storage was three dollars per month, payable monthly when due, and by express terms provided that storage dues should not remain in arrears for more than six months, when, if then due and unpaid, the defendant was authorized and empowered to sell at public auction sufficient of the goods to pay the storage charges then due. In fact, more than six months' storage charges became due and payable, without plaintiff discharging the same, but the defendant did not act under the clause and power in her to sell the goods for failure so to pay. Prior to any sale being had of the same, the plaintiff, as his evidence tended to show, and the jury were authorized to find, tendered to the defendant the full amount of the storage charges at the rate provided in the agreement. The defendant refused to accept the same, claiming that a larger sum was due, which the plaintiff declined to pay.

The latter at the time of making the tender demanded possession of his goods, but the defendant refused to comply with such demand. Subsequently the defendant sold the goods at public auction. The evidence upon the part of the plaintiff tended to sustain his right to recover, and, unless some error was committed upon the trial, the judgment should be upheld. The defendant claimed that there was a subsequent modification of the agreement between herself and the plaintiff, whereby she was to remove the goods from the open storage, and place the same in a room, and to receive therefor an increased sum as storage charges. The plaintiff denied the existence of any such arrangement, and the court submitted this contention to the jury in an unexceptionable charge, and their verdict is against there having been any change or modification of the original contract. Upon the facts, therefore, the plaintiff was entitled to recover.

It is insisted, however, that the verdict was wrong, inasmuch as it did not specify the value of each article. The property was household furniture, consisting of a large number of articles. Upon the trial the defendant did not request that the jury be directed to find the specific value of each article, and it is doubtful if at this time she can be heard to raise such question, even upon a motion for a new trial. E. De Braekeleer & Co. v. Schwabeland, 86 Hun, 143, 33 N. Y. Supp. 212. It does not appear that the defendant was in any wise prejudiced by the failure to find the value of each article, in consequence of which the verdict fixing the aggregate amount in value is proper and will be sustained. Grossman v. Walters (Sup.) 11 N. Y. Supp. 471, affirmed on appeal in 132 N. Y. 594, 30 N. E. 1151. The criticism that the plaintiff did not state in his testimony the market value of the goods at the time of the trial is not tenable. In effect, his testimony was to fix the market value of the goods at the time of the trial, and such is its fair interpretation. The jury were directed to find by their verdict the value of the property at the time of the trial, and as they found the value, and no objection was made to the form, or exception taken, it must be assumed that they followed the direction of the court, and assessed the value of the property as of the time of the trial, even though the exact language expressing it does not appear in the verdict. In form, the verdict is similar to that which was sustained in Grossman v. Walters, supra, and must be regarded as sufficient in the present case.

The exceptions to the refusals to charge upon the requests made are without merit. The court fully and completely covered the whole subject-matter in its charge, and was not bound to charge further, or in the language of the defendant's counsel, and the exceptions to the charge as made are unavailing.

The offer of testimony tending to change or modify the agreement under which the goods were stored at the time of their delivery for storage was also unavailing, as tending to contradict the terms of the written contract, which, as we have already observed, is full and complete. Case v. Bridge Co., 134 N. Y. 78, 31 N. E. 254. Upon the question of the subsequent modification of the agreement, all of the

proof offered was received, and the court submitted such question to the jury for determination. No other exceptions in the case require notice, and, as no error is found, the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.