ANNA BRENNAN CURLEY, as Committee of the Person and Estate of MARIE BRENNAN, an Incompetent Person, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 19696.)

Court of Claims, July 11, 1933.

*Bond, Schoeneck & King* [*Robert E. Dineen* and *William D. Johnson* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Paul Muscarella, Assistant Attorney-General,* of counsel], for the State of New York.

ACKERSON, J.   This is a claim filed by the committee of an insane person to recover damages from the State for injuries inflicted on the insane person in the St. Lawrence State Hospital at Ogdensburg, N. Y.   Such injuries to the insane person were occasioned by reason of an assault committed upon her by another patient.   The claimant contends that the State and its agents, in the administration of the duties devolving upon it and them, under the law, to care for the insane patients there confined, were careless and negligent; that improper methods were used and insufficient guards were placed around those patients who were vicious and violent.   The State,

by a special act of the Legislature, has consented to have this court determine its liability.

In November, 1923, the above-named Marie Brennan, an insane person, was admitted to the St. Lawrence State Hospital at Ogdensburg, N. Y. She continued there as a patient because of her insanity until March 18, 1929. On that date she was assaulted by Annie Tinney, another patient. As a result of the assault she sustained a fracture of the left hip, which has been the source of much pain and suffering to her since that time.

Notwithstanding this serious injury, Dr. Free, who was called by the hospital authorities to treat her, says that he did not see her until two days after the accident. Dr. Free testified that he graduated from the University of Vermont in 1918 and was admitted to practice in the State of New York in 1919 and that his practice has been surgery for ten years and that he has been with the St. Lawrence State Hospital as consulting surgeon for nine years. He said Marie Brennan had a fracture of the left hip which resulted in a shortening of the leg and a slight inversion of the foot. He says he treated her for the injury for a month or six weeks but did not get a recovery in her case because the patient refused to co-operate. Since that time Marie Brennan has been confined to her bed, unable to walk, and has suffered much pain as a result of the said injury and it appears from the evidence that this condition is permanant. The above-named claimant, Anna Brennan Curley, is a sister of said Marie Brennan, and on the 10th day of April, 1930, was duly appointed by the County Court of Oswego county as the committee of the person and estate of said Marie Brennan by reason of her incompetency. On October 26, 1929, said Marie Brennan was taken from said hospital to the home of her said sister, Marie Brennan Curley, who now takes care of her there. Said committee was duly authorized to prosecute this claim by an order of said court and the claim herein was duly filed in accordance with the provisions of chapter 595 of the Laws of 1930.

Said act not only confers jurisdiction on this court to hear the claim herein but the State thereby waives its immunity and consents to have its liability determined for the injury inflicted upon said Marie Brennan while in its care in the St. Lawrence State Hospital.

Section 3 of that act further provides as follows: " If the court finds that such claim is founded in right and justice, or in law or equity, against the state and is in right and justice presently payable thereby, the state shall be deemed to have been and to be liable therefor and it shall constitute a legal and valid claim against the state and the court may award and render such judgment against the state and for the claimant as shall be just and equitable."

At the time said Marie Brennan was injured she was in the sitting room of ward 39 in said hospital with sixty-two other insane patients. This room was about fifty-eight feet long and twenty-eight feet wide. It is conceded that it was overcrowded. Dr. Paul G. Taddiken, superintendent of the hospital, testified that the hospital at the time was thirty-eight per cent overcrowded. One of the sixty-two other patients in this room with Marie Brennan was one Annie Tinney who had a long record of assaulting persons and who was characterized by the administrative authorities of the hospital as "assaultive." She, on this day in question, suddenly and without any apparent provocation rushed across the room and pushed Marie Brennan down onto the floor breaking her left hip.

The administrative officers of said hospital had assigned four attendants to take care of the sixty-three patients in ward 39 but at the time of this assault only two were present. One of them was Mrs. Dorothy Jacques, who was twenty-two years old and known as an attendant. She had no technical education and received her instructions for the work of her position from the administrative officers at the hospital. The other was a Miss Garvin, a student nurse about twenty years of age. Upon these two young women alone was placed the entire responsibility of properly caring for and looking after the sixty-three insane patients in this ward.

It would seem apparent that only two attendants for such a large number of patients were insufficient. This was recognized by the hospital authorities who had assigned four attendants to this ward. The experts called by the claimant, however, testified that any less number than eight attendants for this ward would be inadequate. They also testified that Annie Tinney, because of her propensity to assault people, should have had special attention and supervision which it is conceded the hospital never gave her nor attempted to give to her. The expert witnesses who testified for the claimant were physicians of large experience in the observation and treatment of insane patients. They were well qualified to express an opinion in regard to the adequacy or inadequacy of the care and attention given to Marie Brennan in this hospital.

After a careful review and consideration of all the testimony presented on the trial of this claim the court has reached the conclusion that this assault on Marie Brennan with its direful consequences whereby she has been made a physical invalid for life could have been and should have been prevented.

There should have been eight attendants in ward 39 to look after and properly care for the sixty-three insane patients confined there.

The administrative officers of the hospital had assigned four to that ward and then sent two of them away to perform other duties in the hospital without putting any substitutes in their places. This constituted gross negligence on the part of the administrative officers of this hospital and a careless disregard for the safety and welfare of the insane patients committed to their care.

Their failure also to give Annie Tinney special attention and supervision constituted negligence. Without such attention and supervision she was liable to assault anybody at any time.

The failure also of the State to prevent the overcrowding of this hospital to the extent of thirty-eight per cent, thereby seriously interfering with the efficiency and ability of the institution to properly treat and care for the insane patients committed to its care, also constituted gross negligence on the part of its officers and agents responsible therefor.

But for these negligent acts on the part of the State and the administrative officers of the St. Lawrence State Hospital this injury to Marie Brennan in all probability never would have occurred.

We have determined, therefore, that the claim herein, in the language of the enabling act, is not only founded in " right and justice," but also in " law and equity," and that the claimant is entitled to an award against the State for the injury inflicted in the sum of $6,000.

Findings may be prepared in accordance with this opinion.

RYAN, J., concurs.