DORA HELMAN, as Administratrix, etc., of ISIDORE HELMAN, Deceased, Respondent, v. SAMUEL T. MARKOFF, Appellant, and DAVID WARSELL, Defendant.— In an action brought to recover damages for personal injuries sustained by plaintiff's intestate, when struck by the automobile of defendant Markoff, and for negligence resulting in death, judgment in favor of plaintiff modified by striking therefrom the allowance of interest on the verdict, and as so modified unanimously affirmed, without costs. The issue raised by the second cause of action, as to whether death was caused by the injuries sustained in the accident, presented, under the evidence, a question for the jury. The instruction that the jury might return either two verdicts, or a single verdict on the two causes of action, was error. The statute directs that a separate verdict be rendered as to each cause of action. (Dec. Est. Law, § 120.) The error was waived, however, by appellant's failure to except to the charge, to make any request, or to call attention to the error on the coming in of the verdict or on the motion for a new trial. Although the statute is in form mandatory, its provisions could be waived by acquiescence. (Cf. Civ. Prac. Act, § 1120, and Tripp v. Smith, 50 App. Div. 499; affd., 168 N. Y. 655; Civ. Prac. Act, § 440, and Lyon v. Water Commissioners of Binghamton, 224 App. Div. 568.) Under the statute interest from the date of death was allowable only on the verdict rendered upon the second cause of action. (Dec. Est. Law, §§ 120, 132.) Because of the lump-sum verdict on the two causes of action there was no basis upon which interest could be computed. The respondent, like the appellant, must be deemed to have waived by silence any advantage that would have accrued from a verdict in the proper form, and has in fact acquiesced in the modification of the judgment if the interest is eliminated. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ.