Axel Johnsen, as Limited Administrator, etc., of William Johnsen, Deceased, Claimant, *v.* The State of New York, Defendant.

(Claim No. 25271.)

Court of Claims, April 24, 1941.

*Benjamin Neisner,* for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Martin P. O'Leary, Assistant Attorney-General,* of counsel], for the defendant.

Ryan, J. Claimant's intestate, aged about eight and one-half years, congenitally unfortunate, being unable to care for himself mentally or physically, and in medical opinion incurable, was an inmate of Letchworth Village, a State institution at Thiells, N. Y.

On April 3, 1938, while under the care of an institution attendant, the child fell into a bathtub of hot water and was so severely scalded that he died from the effects thereof on April 7, 1938.

This claim demands damages, *first,* for the intestate's personal suffering, and *second,* for his wrongful death and for his funeral expenses.

We find as a fact that the attendant, who knew the child's condition, was negligent in her lapse of attention to him which afforded the opportunity for him to fall into the tub of hot water. The bathtub had been filled with hot water for the intended rinsing of clothing and there was further negligence in permitting this in close proximity to the place where the child was being cared for.

The accident happened at seven-twenty-five in the morning and, except for a telephoned advice, no physician gave attention to the boy until eight-forty-five. This may have been negligence on the part of the physician but we do not so find because we are not convinced that earlier medical examination would have brought about any different result.

Upon the finding of negligence, there must be a recovery herein. The question is: In what amount and on what basis are damages to be fixed? In respect to the second cause of action, it seems that we can allow only the amount of funeral expenses, which were in the sum of $236. Under section 132 of the Decedent Estate Law the amount of recovery must be " a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought."

We have recently followed the theory that in cases where the intestate was afflicted with an incurable mental disorder there can be no pecuniary loss. (*Dimitroff* v. *State of New York*, 171 Misc. 635; *Gaccione* v. *State of New York*, 173 id. 367; also *Gunzburger* v. *State, Claim No. 24363-A* [Dec. 12, 1940, unreported].) Previously, however, there were substantial awards by this court in cases where the hospital records disclosed little hope of recovery. (*Wilcove* v. *State of New York*, 146 Misc. 87; *Spataro* v. *State of New York*, 166 id. 418.) In the first case the intestate was fifty years of age, in poor mental and physical health, had no earning capacity and no dependents. In the second case the intestate was twenty-eight years of age, married, had two young children, had been in good health up to a short time prior to his commitment, when he had earned twenty-four dollars per week, and the hospital record disclosed that he was showing improvement but was still insane at the time of his death.

And more recently, where this court found that at the time of the intestate's death " his condition was such that it was *possible* for him to have recovered sufficiently to leave the hospital, resume his place in society and continue at the vocation in which he was engaged prior to his confinement," an award of $1,500 made by this court was raised by the Appellate Division, Third Department, to $5,000, which modification was affirmed by the Court of Appeals. (*Liubowski* v. *State of New York* [*Claim No. 25491*], 260 App. Div. 416; affd., 285 N. Y. 701.)

Each case, of course, must be decided upon its own facts, and while in the instant case parents would no doubt always hope for recovery, the medical record discloses little likelihood thereof.

Hence we shall follow the authorities first hereinabove referred to and make no award based on pecuniary loss.

The basis for the first demand for damages, *i. e.*, for the intestate's personal suffering, is found in sections 119 and 120 of the Decedent Estate Law, as added by chapter 795 of the Laws of 1935, and this is the first case in this court which has come to the attention of this writer since the Legislature abrogated the rule that an action for personal injury abates on death of the injured party. Section 120 of the Decedent Estate Law provides: " Where an injury causes the death of a person the damages recoverable for such injury shall be limited to those accruing before death, and shall not include damages for or by reason of death. The damages recovered shall form part of the estate of the deceased." The section also provides for a verdict or decision as to such damages separate from the damages to the next of kin under section 130 of the Decedent Estate Law. (*Helman* v. *Markoff*, 255 App. Div. 991.)

The clear meaning of the foregoing language directs that we must make an award herein for the pain and suffering endured by the claimant's intestate in the four days which elapsed between his injury and his death. The medical record discloses that during this time he was given morphine and other drugs to relieve his pain. Doubtless the child's suffering was severe. His unfortunate mental condition did not alleviate his physical pain. It is extremely difficult to assess damages under circumstances such as these, but it is our duty, as triers of fact, to arrive at a sum which seems to us fair and reasonable. An award is made in the amount of $500.

Enter decision in accordance with the foregoing.

BARRETT, P. J., concurs.