BERNICE WEIHS, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 25983.)

Third Department, December 28, 1943.

234

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Arthur W. Mattson, Assistant Attorney-General, Donald C. Glenn, Deputy Assistant Attorney-General,* of counsel), for appellant.

*Edgar F. Hazleton,* attorney (*Harry S. Austin* of counsel), for respondent.

HEFFERNAN, J. This claim arises out of an assault which occurred on July 27, 1940, when Edward Browning, an escaped inmate of Kings Park State Hospital, inflicted serious injuries on claimant.

There is no contradiction of claimant's version of the unfortunate incident out of which this claim arises. The only question presented for determination is whether the circumstances attendant upon the patient's escape constituted negligence on the part of the hospital authorities. It is not suggested that claimant was guilty of contributory negligence and the amount of the damages awarded is not an issue.

The Court of Claims has found that on July 27, 1940, and for some time prior thereto Browning was an inmate of the State Hospital in question; that he had been assigned to ward 16 which was reserved for the " worst male inmates " and which consists of a hall about 200 feet long having thirty-four rooms in which ninety-one patients were housed under the supervision of seven attendants; that Browning was classified as dangerous and as assaultive towards fellow inmates; that he had no respect for the rules and regulations of the institution; that he was unreliable, was known as an eloper and as such was required to be searched three or four times daily in order to ascertain if prohibited articles were concealed on his person; that he had made several attempts to escape; that at about 1 P. M. on the day in question twenty-two of the patients accompanied by two attendants went to a ball game; that another attendant went off duty leaving four in charge of the other patients until about 2:15 P. M. when another attendant absented himself; that ward 16 contains three exits, one of which is a fire escape door leading from the lavatory; that between 1:45 and 3:00 P. M. Browning escaped from the institution by the door leading from the water

section to the fire escape; that his escape was accomplished by means of a key which he had found in the courtyard on ·the morning of that day and that with this key he had unlocked the fire escape door and made his exit; that prior to his escape Browning equipped himself with a butcher knife which he procured from the hospital premises. The court also found that about 4 P. M. on the date in question claimant accompanied by four children was walking along the public highway in the vicinity of the hospital; that she was assaulted by Browning, who was apprehended several hours later; that he stabbed her twice in the back with a butcher knife as a result of which she sustained the injuries upon which the award is based. The court also found that the officers of the hospital were negligent in making it possible for Browning to obtain a key by means of which he escaped, and also a butcher knife; and that they were negligent in failing to prevent Browning's escape and in failing to have a sufficient number of attendants in charge of these patients who were known to be of bad character and especially in view of Browning's record and his propensity to escape and to assault others.

The evidence amply sustains the findings of the court below.

On this appeal the State contends that the uncontradicted evidence shows that the supervision of the patients was adequate and that a patient could not escape because of the precautions taken. That argument carries its own refutation in view of the fact that Browning did escape. The proof amply justifies the conclusion that claimant's injuries were sustained as a result of the negligence of the officers and employees of the institution. (*Curley* v. *State of New York,* 148 Misc. 336, affd. *sub nom. Luke* v. *State of New York,* 253 App. Div. 783; *Martindale* v. *State of New York,* 269 N. Y. 554; *Sporza* v. *German Savings Bank,* 192 N. Y. 8.)

It cannot be doubted that the negligence of those in charge of the hospital in permitting this demented patient to escape, armed with a dangerous weapon, was the proximate cause of claimant's injuries. The State's plea that it was without fault is unavailing; the record tells another story. The nurses and attendants in the hospital knew that Browning was a mentally helpless patient who might reasonably be expected to become violent and dangerous at any time. Bearing in mind the knowledge which they possessed as to his mental condition they should reasonably have anticipated that he would attempt to escape and hence were bound adequately to guard him, and safeguard him against harm to himself or to others.

The officers and employees of the hospital are required to exercise that degree of care in protecting society from the acts of its inmates — those unfortunates who are incompetent in mind, body or morals — which persons of common prudence exercise under like conditions. This implies a care having regard to the conditions of the particular case and to the fact that the subjects of ministry are sick people. The degree of care which the law exacts from those in charge of an institution for the insane towards its patients is such reasonable care and attention for their safety and the safety of others as their mental and physical condition, if known, may require, and should be in proportion to the physical or mental ailments of such patients.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.