Fred Slater, as Administrator of the Estate of Frederick L. Slater, Deceased, Claimant, *v.* State of New York, Defendant. (Claim No. 28348.)

Fred Slater, as Administrator of the Estate of Frederick L. Slater, Deceased, Claimant, *v.* State of New York, Defendant. (Claim No. 28353.)

Court of Claims, September 15, 1948.

*David B. Alford* and *Melvin B. Lynes* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Sidney B. Gordon* of counsel), for defendant.

Lambiase, J. Claimant's decedent, an inmate of Craig Colony at Sonyea, New York, died in said institution on July 20, 1946. It is claimed by the claimant that his death was caused by the

" wrongful act, neglect or default on the part of the State in maintaining and operating Craig Colony at Sonyea, New York, and in caring for the inmates therein, and particularly in neglecting to provide proper care and supervision of Frederick Lawrence Slater, an inmate thereof and therein, and in permitting another inmate thereof to bathe the said Frederick Lawrence Slater in scalding hot water by which his death was caused ".

The first above set forth cause of action has been brought to recover damages for the alleged wrongful death of the decedent herein pursuant to section 130 of the Decedent Estate Law, and the second has been brought to recover under section 119 of said law.

The State contends: (a) That no negligence, carelessness or imprudence on its part has been proved; (b) that there was no proof adduced that claimant suffered conscious pain as a result of the burns received; (c) that claimant has failed to prove any pecuniary loss or damage by reason of the death of the decedent; and (d) that in any event, the award herein should be limited to reasonable funeral expenses. We shall consider these defenses in the order above set forth.

As to (a): A consideration of this defense brings us to the question of whether or no claimant has proved facts sufficient to constitute a cause of action. We do not believe it necessary to discuss the evidence of the claimant in detail. Suffice it to say that we are satisfied that the death of the decedent was caused by the burns which he received as a result of the negligence of the State, its servants and employees, and that said negligence was the sole, proximate cause of the death of the decedent herein. We find that under the circumstances herein, there was no negligence on the part of claimant or of his decedent causing or contributing to said decedent's death. We conclude that there must be a recovery. (*Martindale* v. *State of New York,* 269 N. Y. 554; *Curley* v. *State of New York,* 148 Misc. 336, affd. sub nom. *Luke* v. *State of New York,* 253 App. Div. 783.)

As to (b): There is testimony to the effect that when the hot water came in contact with the decedent's body he screamed. From this fact alone, if from no other fact established by the record, we are of the opinion that it has been proved that the decedent felt and experienced conscious pain and suffering between the time that he was burned and the time of his death. We find that claimant is entitled to recover under section 119 of the Decedent Estate Law.

· As to (c) : The assessment of damages in actions for wrongful death is governed by section 132 of the Decedent Estate Law. It is provided therein that the amount of damages recoverable " may be such a sum as the jury upon a writ of inquiry, or upon a trial, or, where issues of fact are tried without a jury, the court or the referee, deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought ", in this case, the decedent's mother and father. It also provides that " in addition to any other lawful element of the damages recoverable, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death paid by the decedent or by a person entitled to the whole or a distributive share of the moneys recovered or for the payment of which such decedent or person is personally responsible, and the reasonable funeral expenses of the decedent, also shall be deemed proper elements of damage ". The precise question in this case, therefore, under the cause of action for wrongful death is, what were the pecuniary benefits of decedent's father and mother in the continuance in life of the decedent under all existing circumstances? (*Thomas* v. *Utica & Black River R. R. Co.,* 6 N. Y. Civ. Pro. Rep. 353, affd. 34 Hun. 626; *Arnold* v. *State of New York,* 163 App. Div. 253; *Dimitroff* v. *State of New York,* 171 Misc. 635; *Gaccione* v. *State of New York,* 173 Misc. 367; *Dowly* v. *State of New York,* 190 Misc. 16.) The gist of the matter is that the measure of damages must be confined to the reasonable expectation of a " pecuniary " loss. The law makes no allowance for sentiment or for grief.

The testimony of the State's medical witnesses, based on personal examinations of and personal contact with the decedent, and on information obtained from decedent's hospital record, justifies the finding that the combination of decedent's ailments, that is, his inanition associated with his idiocy, and his epilepsy, constituted a condition which, at the time of his death, was progressively deteriorating. In fact, from all of the evidence herein, on the question of decedent's health, it is our opinion that decedent would never have recovered sufficiently from his ailments, had he lived, to have afforded his father and mother any reasonable expectation of pecuniary benefits from the continuation of his life, from which we conclude that no " pecuniary injuries " have been sustained by them — and by virtue thereof by the claimant — within the purview of section 132 of the Decedent Estate Law as said section has been interpreted by the courts of this State.

As to (d): We are constrained, therefore, to hold that while claimant has proved facts entitling him to a recovery against the State, he has, however, proved no pecuniary injuries within the meaning of section 132 of the Decedent Estate Law. None of the other proper and allowable elements of damages under said section has been proved except the item of funeral expenses, and under such circumstances we are, therefore, limited in the amount that we may award for the death of claimant's decedent to the amount established herein as being the reasonable funeral expenses. (*Grasso* v. *State of New York*, 289 N. Y. 552; *St. Pierre* v. *State of New York*, 33 N. Y. S. 2d 151; affd. 267 App. Div. 795, motion for reargument granted 267 App. Div. 935, revd. 268 App. Div. 808, retried by Court of Claims [Claim No. 24924], 33 N. Y. S. 2d 151, affd. 272 App. Div. 973; *Gaccione* v. *State of New York, supra*; *Dimitroff* v. *State of New York, supra*; *Gould* v. *State of New York*, 181 Misc. 884; *Castellano* v. *State of New York*, 53 N. Y. S. 2d 116.) In connection with said item of funeral expenses, we are unable to and do not allow the item of $25 as set forth in paragraph 8, Claim No. 28348, which item is the fee paid by claimant to a physician for making a post-mortem examination of decedent's body.

The motion for dismissal made by the State at the end of claimant's case and at the end of the entire case in each of the claims herein, upon which decision was reserved, is denied with an exception to the State.

We are, therefore, in an accompanying decision awarding to claimant in his cause of action for the wrongful death of the decedent the amount of his reasonable funeral expenses as determined herein, together with interest on said sum from the date of death of the decedent; and in another accompanying decision in his cause of action under section 119 Decedent Estate Law we are awarding a sum which we feel to be adequate compensation for the conscious pain and suffering of decedent. (*Johnsen* v. *State of New York*, 176 Misc. 347; *Orr* v. *State of New York*, Court of Claims, Claim No. 25405.) These damages awarded under said section 119 of the Decedent Estate Law for conscious pain and suffering form part of the estate of the decedent (Decedent Estate Law, § 120; *Holmes* v. *City of New York*, 269 App. Div. 95, affd. 295 N. Y. 615), do not draw interest, and under the statute must be awarded by separate verdict, report, or decision (*Helman* v. *Markoff*, 255 App. Div. 991, affd. 280 N. Y. 641).