William Gf. Easton, J.
This is a claim to recover damages for the conscious pain and suffering and for the wrongful death of claimant’s intestate, Wilfredo Martinez, while a patient at the Craig Colony, Sonyea, New York.
By order of certification of the Supreme Court on April 2, 1954, the deceased, Wilfredo Martinez, age 24, was adjudged an epileptic person and was certified to the care and custody of Craig Colony. At the time of his admission to this institution his I. Q. was found to range between 39 and 50, and he was classified as a moron.
On July 3,1957, at about 8:50 a.m., Martinez suffered a grand mal epileptic seizure while working in the kitchen of Juniper Cottage. He was taken to the dispensary and then was permitted to return to work. After his return to the cottage and at about 9:20 a.m., a fellow patient discovered the deceased alone in the slop sink room near the kitchen lying on his stomach over the slop sink, unconscious with steaming hot water running on him over the rim of the sink. As a result of scalding Martinez died two days later at 10:40 a.m. July 5, 1957.
*1095 Under all the circumstances herein we find that the State of New York, through its officers and employees, failed to exercise reasonable care in the treatment and custody of its ward. We find that the death of the decedent was caused solely by the negligence on the part of the State of New York. The State must respond in damages.
Claimant is entitled to recover for the conscious pain and suffering of the decedent. (Johnsen v. State of New York, 176 Misc. 347 [1941] ; Tabor v. State of New York, 186 Misc. 736 [1946] ; Decedent Estate Law, §§ 119, 120.) We award the amount of $2,500 upon this cause of action.
However, in view of the decedent’s physical and mental condition, the persons for whom the wrongful death action is brought have sustained no pecuniary loss and there can be no recovery of damages under section 130 of the Decedent Estate Law except for the funeral expenses. (Dimitroff v. State of New York, 171 Misc 635 [1939].) The funeral expenses amounted to $125 and an award in that amount is directed together with interest thereon from the date of decedent’s death.