## (March 14, 1963)

■ MARY J. POWERS, as Administratrix of the Estate of WILLIAM J. POWERS, Deceased, Respondent, v. DELAWARE AND HUDSON RAILROAD CORPORATION, Respondent, and J. A. CARMAN TRUCKING COMPANY, INC., Appellant.— Appeal from an order of the Supreme Court, Otsego County, denying appellant's motion to modify the judgment by striking therefrom the interest included therein pursuant to section 132 of the Decedent Estate Law and from so much of the judgment as awards such interest. William J. Powers, a locomotive fireman, sustained injuries from which he subsequently died when the loco-

motive on which he was working collided with a gasoline truck owned by appellant. Decedent's widow, as administratrix of his estate, joined appellant and the Delaware and Hudson Railroad as defendants in a single complaint pleading two causes of action, one for pain and suffering and one for wrongful death. Appellant's liability was predicated on the New York Decedent Estate Law, the railroad's on the Federal Employer's Liability Act. Respondent administratrix obtained verdicts against both appellant and the railroad of $25,000 for pain and suffering and $125,000 for wrongful death. No question is raised here as to these verdicts. The instant appeal instead stems from the fact that when the Clerk entered judgment on the cause of action for wrongful death, he added $22,684.86 in prejudgment interest pursuant to section 132 of the Decedent Estate Law. The court below after granting an order requiring respondent administratrix to accept 50% of the judgment less prejudgment interest from each defendant held that the prejudgment interest was properly included in the judgment but that the railroad was not liable for this portion of the judgment because its liability arose under the Federal Employer's Liability Act (a point uncontested on this appeal) (cf. *Murmann* v. *New York, New Haven & Hartford R. R. Co.*, 258 N. Y. 447) thus leaving appellant liable for the entire $22,684.86. Apparently this issue has no precedent in New York. Appellant urges alternatively that because the railroad is not liable for prejudgment interest it, as a joint obligor, is not liable either and that if it is liable it should be liable for the interest only on the share of the wrongful death judgment which it paid, i.e., $62,500, instead of the whole $125,000. The joint lump sum verdict of $125,000 was a combination of damages recovered under the Decedent Estate Law and the Federal Employer's Liability Act and resulted because plaintiff elected to join the two rights of action in the same cause of action against both defendants. The plaintiff insisted on this form of the verdict, and thereafter entered a lump sum judgment against both defendants. The right of action against the appellant carried prejudgment interest, that against the railroad did not. The principle enunciated in *Helman* v. *Markoff* (255 App. Div. 991, affd. 280 N. Y. 641) is applicable (cf., also, *Duffy* v. *City of New York*, 7 A D 2d 988). In the *Helman* case a lump sum verdict was returned for a cause of action for wrongful death and a cause of action for conscious pain and suffering, without objection by the plaintiff. The cause of action for wrongful death carried prejudgment interest, the cause of action for conscious pain and suffering, of course, did not. The court held that the plaintiff by acquiescing in the form of the verdict, had waived the right to prejudgment interest on any of the verdict. However, in that case the court could not determine how much of the verdict was for wrongful death and how much was for conscious pain and suffering. In the instant case, each defendant would be ultimately liable for one half of the judgment and in fact each has paid one half of the basic judgment. Under the circumstances existing in this case it would be inequitable for the appellant to be required to pay prejudgment interest on the entire amount of the judgment, and since the amounts can be separated it is our view that the appellant should be required to pay prejudgment interest on only one half of the judgment. Order reversed and judgment modified by reducing the prejudgment interest to the sum of $11,342.43 and as modified affirmed, without costs. Bergan, P. J., Coon and Reynolds, JJ., concur; Herlihy and Taylor, JJ., dissent and vote to affirm in the following memorandum: As joint tort-feasors each of the defendants was liable for the whole sum found as damages in the action for wrongful death. The State statute which is the source of appellant's liability requires the addition of prejudgment interest to the verdict as part of the recoverable damages. (*Cleghorn* v. *Ocean Acc. & Guar. Corp.*, 244

N. Y. 166; *Welsh* v. *Peerless Cas. Co.*, 8 A D 2d 373; *Matter of Petroleum Tankers Corp.*, 204 F. Supp. 727; Decedent Estate Law, § 132.) Plaintiff's joinder of the two causes of action in the same complaint, concededly permissible, which resulted in an indivisible lump sum verdict against both defendants did not operate as a waiver of the substantive right. The authorities cited in the majority opinion are clearly inapposite. If this result is harsh by reason of the interplay of the State and Federal statutes the remedy is legislative and not judicial.