Herma D. Dunn, Individually and as Administratrix of the Estate of Herman Springhorn, Deceased, et al., Appellants, v. State of New York, Respondent. (Claim No. 43974.)

Third Department, June 2, 1970.

*Edward A. Miller (DeGraff, Foy, Conway & Holt-Harris,* by *John T. DeGraff, Jr.,* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz* and *Ruth Kessler Toch* of counsel), for respondent.

Greenblott, J. This is an appeal from a judgment entered May 29, 1968, upon a decision of the Court of Claims which dismissed a wrongful death claim.

On July 6, 1962, claimants' intestate was fatally injured when his automobile was struck by a stolen car operated by Jack Proper, an escapee from the Hudson River State Hospital, while

the latter was being pursued by a member of the State Police. The claim alleged that State employees were negligent in allowing Proper to escape and in the manner in which they pursued the stolen car. Proper, 18 years of age, had been transferred to Hudson River from Central Islip State Hospital on April 17, 1962. He was placed in an open ward and permitted the freedom of the hospital grounds. On June 26, 1962, while outside of the hospital grounds, he became intoxicated and assaulted another patient. He was then placed in the hospital's closed ward, which is locked and barred, and where the patients are under observation at all times. The evidence reveals that this ward contained 37 patients and was generally staffed by two attendants. However, on the evening of July 6, 1962, only one attendant was assigned to the ward. At about 7:15 P.M. Proper and another patient overpowered the attendant, took his keys, locked him in a room and escaped from the hospital. Shortly prior to 11:30 P.M. that evening, two troopers received a radio message that a 1962 Chevrolet automobile had been involved in a hit-and-run accident in Hyde Park and was believed headed north on Route 9. A subsequent message informed the troopers that the Chevrolet had been reported stolen. One of the troopers spotted the stolen vehicle in the Village of Rhinebeck, about two miles south of the intersection of Routes 9 and 9G in Dutchess County. He turned on the flashing dome light and attempted to pull alongside, but the driver (later identified as Proper) speeded up from 50 to 90 miles per hour. The trooper sounded his siren and gave chase. The stolen car entered the intersection at high speed and struck the side of decedent's car, which had entered the intersection from Route 9G with a traffic signal in its favor.

The Court of Claims dismissed the claim at the close of the evidence. While indicating that it was "inclined to agree" that the State was guilty of negligence in permitting Proper to escape, the court held that this negligence was not the proximate cause of the accident. It also found that the State Police were not negligent in the manner in which they attempted to apprehend the driver of the stolen car.

We agree that no liability should be predicated upon the troopers' pursuit of the stolen car. Appellants' argument in this regard can be broken down into two parts: (1) that Proper would not have driven the car in a reckless manner if he were not being pursued, and (2) that the police were under a duty to warn persons upon the highway of the imminent approach of the fleeing automobile.

We considered, and rejected, similar arguments in *Stanton* v. *State of New York* (29 A D 2d 612, affd. 26 N Y 2d 990). We reasoned that the trooper had a duty to apprehend the traffic violator and prevent him from doing any harm to innocent users of the highway; that he had acted in as prudent and careful a manner as possible under the circumstances; and that the sole proximate cause of the accident was the reckless conduct of the fleeing driver.

Similarly, we find no evidence of reckless conduct in the pursuit here. The troopers had the dome lights on their troop cars operating and the pursuing trooper sounded his siren intermittently. Furthermore, only about 60 seconds elapsed from the beginning of the pursuit to the collision and there was insufficient time to warn the decedent of Proper's approach.

Whether the State was negligent in failing to prevent Proper's escape and if so, whether such negligence was a proximate cause of the accident are more difficult questions to resolve. The State has been held liable for personal injury caused by the acts of inmates who escaped from its mental hospitals (*Jones* v. *State of New York,* 267 App. Div. 254; *Weihs* v. *State of New York,* 267 App. Div. 233; *Finkel* v. *State of New York,* 37 Misc 2d 757). However, liability has been limited to those cases where it was known that the patient required confinement and might do harm if allowed to escape (*Excelsior Ins. Co. of N. Y.* v. *State of New York,* 296 N. Y. 40; *Higgins* v. *State of New York,* 24 A D 2d 147).

In *Excelsior* (*supra*), a young mental defective escaped from the Wassaic State School and burned down a lumber yard when he started a fire to keep warm. The Court of Appeals reversed a decision of this court in favor of the claimant and dismissed the claim. Quoting *Palsgraf* v. *Long Is. R. R. Co.* (248 N. Y. 339, 344) for the rule that '' [t]he risk reasonably to be perceived defines the duty to be obeyed '' Judge FULD wrote (p. 45) : '' we fail to find basis for the imposition of liability upon the State. The authorities at Wassaic could not reasonably have anticipated — from his history of harmless elopements — a Flood [the inmate] likely to set fires, or otherwise dangerous, while at large. That being so, and since the boy was neither insane nor criminal, it owed no duty to claimants or other members of the outside world to guard him closely or to see to it that he did not leave the institution.''

This decision has been extended to absolve the State from liability for acts of an escapee from a minimum security prison (*Williams* v. *State of New York,* 308 N. Y. 548), a truant parolee

(*Wasserstein* v. *State of New York*, 32 A D 2d 119), a delinquent minor (*Staruck* v. *County of Otsego,* 285 App. Div. 476), and a wandering open-ward mental patient (*Higgins* v. *State of New York,* 24 A D 2d 147, *supra*). The '' medical-judgment '' cases (e.g., *St. George* v. *State of New York,* 283 App. Div. 245, affd. 308 N. Y. 681) are based on the same reasoning and policy.

The rule of the above cases is inapplicable here. Proper had demonstrated assaultive tendencies and the hospital authorities recognized and acknowledged the duty to prevent his escape when they placed him in a closed ward, which was reserved for disturbed and dangerous patients. In our view, the State had · a duty to prevent Proper from escaping. We pass to the question of whether it negligently performed that duty. The trial court found negligence in the absence of an adequate number of attendants. The testimony revealed that the closed ward was occupied by 37 patients. It was normally supervised by two attendants, but on the night of the escape, only one attendant was on duty. It would be reasonable to conclude that the absence of the additional attendant contributed to Proper's successful elopement from the hospital. (See *Doty* v. *State of New York,* 33 Misc 2d 330; *Foster* v. *State of New York,* 26 Misc 2d 426; *Dowly* v. *State of New York,* 190 Misc. 16.)

Finally, we come to the question of whether the State's negligence was a proximate cause of decedent's death. We conclude that it was. It is not unreasonable to expect that a fleeing patient would steal a car to aid in his escape and drive in a reckless manner in furtherance thereof. Secondly, a mental patient is irresponsible and the State's liability for the acts of escaped mental patients known to be dangerous is greater than for the acts of other escapees from State institutions (cf. *Williams* v. *State of New York,* 308 N. Y. 548, *supra,* and *Excelsior Ins. Co. of N. Y.* v. *State of New York,* 296 N. Y. 40, *supra*).

The judgment should be reversed, on the law and the facts, with costs, and a new trial ordered, limited to the issue of damages.

STALEY, JR., J. (dissenting). The majority opinion holds that the inmate's escape was due to the negligence of the State, and that such negligence was the proximate cause of claimant's decedent's death. Assuming that the State was negligent in failing to provide sufficient attendants to supervise the closed ward where the escapee was confined, and that such negligence made it possible for him to escape, I am unable to agree with the determination that such negligence was a proximate cause

of decedent's death, so as to impose liability on the State for such death.

Proper was transferred to Hudson River State Hospital on April 17, 1962, and was assigned to an open ward. His behavior was characterized as normal until June 26, 1962 when he became drunk and assaulted another patient after which he was placed in a closed ward. He escaped from the closed ward on July 6, 1962 at about 7:15 P.M., after he and another patient overpowered the sole guard assigned to the closed ward where they were confined, and taking keys from the guard they used them to escape. Proper traveled four and one-half miles to the Town of Poughkeepsie where he stole an automobile about 11:00 P.M. While driving the stolen automobile, it was spotted by a State trooper as an automobile which had been reported stolen, and he thereupon commenced a chase to apprehend Proper, which resulted in the collision of the pursued vehicle and decedent's automobile at about 11:30 P.M., resulting in the death of claimant's husband.

The sequence of events from the time of the escape to the time of the collision with the intervening acts and passage of time, in my opinion, precludes a finding that the alleged negligence permitting the escape was a proximate cause of the fatal accident.

"If the act of a party sought to be charged is in clear sequence with the result, and it could have been reasonably anticipated that the consequences complained of would follow the alleged wrongful act, the act is a proximate cause of the result. There is no liability unless the accident was the natural and probable consequence of the defendant's negligent act or omission." (41 N. Y. Jur., Negligence, § 31; see, also, *Saugerties Bank* v. *Delaware & Hudson Co.,* 236 N. Y. 425; *Bolsenbroeck* v. *Tully & DiNapoli,* 12 A D 2d 376, affd. 10 N Y 2d 960; *Hoggard* v. *Otis Elevator Co.,* 52 Misc 2d 704, affd. 28 A D 2d 1207.)

The automobile collision resulting in the death of claimant's husband was not reasonably foreseeable at the time of Proper's escape and defendant should not be charged with the duty of anticipating the events that led up to the accident. "The risk reasonably to be perceived defines the duty to be obeyed". (*Palsgraf* v. *Long Is. R. R. Co.,* 248 N. Y. 339, 344; cf. *Wasserstein* v. *State of New York,* 32 A D 2d 119.)

There was no reason for the State to have foreseen that Proper's liberty after his escape would lead to the theft of an automobile, driving it in a reckless manner to prevent apprehension by police, and the resultant fatal collision. The State should not be held liable under the facts in this case for the

remote negligent acts of the inmate, Proper, after his escape. (*Williams* v. *State of New York,* 308 N. Y. 548; *Excelsior Ins. Co. of N. Y.* v. *State of New York,* 296 N. Y. 40.)

The judgment appealed from should be affirmed.

REYNOLDS, J. P., COOKE and SWEENEY, JJ., concur with GREENBLOTT, J.; STALEY, JR., J., dissents and votes to affirm, in an opinion.

Judgment reversed, on the law and the facts, with costs, and a new trial ordered, limited to the issue of damages.