MAC GOLDBERG et al., Plaintiffs, *v.* LEON LIEBERTHAL, Doing Business as FLAWLESS FLOORS, Defendant and Third-Party Plaintiff. PIONEER CARPET MILLS CORP., Third-Party Defendant.

Supreme Court, Special Term, Bronx County, October 24, 1951.

*Ira M. Greene* for third-party defendant.

*Herman M. Trabich* for defendant and third-party plaintiff.

*Frederick E. M. Ballon* for plaintiffs.

MATTHEW M. LEVY, J. This is a motion by a third-party defendant to dismiss the complaint of the third-party plaintiff on the ground that the same does not state facts sufficient to constitute a cause of action, and on the further ground that there is another action pending for the same relief between the third-party plaintiff and the third-party defendant in the Supreme Court, New York County, and for such further and other relief as may be just.

The action in chief was instituted by several plaintiffs for damages against one Lieberthal and Kennilworth Building Corp. (Kennilworth is not involved in the present motion). The several plaintiffs allege that they entered into a contract with Kennilworth under the terms of which Kennilworth agreed to erect a house for each of the plaintiffs, and to furnish and install therein certain broadloom carpeting, of first and proper quality, equal in quality to the broadloom carpeting in a model house. The complaint of the plaintiffs further alleges that Lieberthal had entered into a contract with Kennilworth wherein Lieber-

thal agreed to furnish the carpeting for the Kennilworth-built houses, and that the carpeting would be as heretofore described. It is the claim of the plaintiffs that Lieberthal breached this contract in that the carpeting supplied to the respective houses was not of first and proper quality and was not equal to the carpeting installed by Lieberthal for Kennilworth in the model house. The plaintiffs and Kennilworth notified Lieberthal of this breach, and the complaint alleges that Lieberthal agreed with Kennilworth and the several plaintiffs to replace the carpeting in the plaintiffs' houses, but Lieberthal has failed to do so.

The defendant Lieberthal, as a third-party plaintiff, has served a complaint against a new party, Pioneer Carpet Mills Corp. In his third-party complaint, Lieberthal alleges that he purchased from Pioneer, the third-party defendant, certain yardages of carpet for resale; that Pioneer represented and warranted to Lieberthal that the said carpet was of good and merchantable quality; that the representation was false and the warranty was breached; that Lieberthal resold a portion of said carpet to the defendant Kennilworth, who in turn resold it to the several plaintiffs in the main action; and that the several plaintiffs have asserted a claim against Kennilworth and Lieberthal. It is this claim that is alleged to be the basis of the claim of Lieberthal as third-party plaintiff for damages against Pioneer as third-party defendant.

Under section 193-a of the Civil Practice Act, a defendant is permitted to bring into the action one not a party, provided the impleaded defendant is or may be liable to the original defendant " for all or part of the plaintiff's claim against " the original defendant, and provided that the claim against the third-party defendant " must be related to the main action by a question of law or fact common to both controversies " (see " Recommendations Relating to Bringing Additional Parties Into an Action " and " Recommendations Relating to the Extension of the Remedy of Impleader ", Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 163, 192, 195, 202, 207). Thus, while impleader might well have been permissible if the warranty from Pioneer to Lieberthal were the same as that from Lieberthal to the plaintiffs (*Municipal Service Real Estate Co.* v. *D. B. & M. Holding Corp.*, 257 N. Y. 423), it is clear from the allegations in the respective pleadings that the claimed breach of agreement by the defendant Lieberthal of his contract with the plaintiffs has nothing to do with the alleged breach by the third-party defendant Pioneer of its agreement with Lieberthal.

If the principal claim of the plaintiffs as against Lieberthal (that the defendant agreed to replace carpeting sold as per model, but not delivered accordingly) is established, the claim of Lieberthal as third-party plaintiff (that the third-party defendant sold and delivered carpeting falsely represented and warranted to be of good and merchantable quality) still remains to be established; and this can in nowise be based upon or flow from establishment of the claim of the plaintiffs. If we assume that the plaintiffs were to succeed in their action against the defendant, the third-party plaintiff must nevertheless prove his complaint against the third-party defendant in order to enable the former to recover. And, on the other hand, if the plaintiffs fail to prove their case against the defendant after trial it does not follow that the third-party plaintiff may not succeed against the third-party defendant. In short, any alleged agreement between the third-party plaintiff and the third-party defendant is in no way affected by the claim asserted in the main action and is in no way dependent on the result thereof.

The third-party complaint is accordingly not a proper claim over under section 193-a of the Civil Practice Act, and is, therefore, dismissible on this motion. In view of this disposition, it is not necessary to consider the alternative relief praying that the third-party complaint be dismissed because another action is pending for the same relief between the same parties.