In the Matter of A. M. CORPORATION, Appellant, against TAX COMMISSION OF THE CITY OF NEW YORK, Respondent. [18–20 E. 50th St., Borough of Manhattan.] — Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Dore, J. P., Cohn, Callahan, Bastow and Botein, JJ.

## (October 8, 1953.)

CITY SPECIALTY STORES, INC., Respondent, v. DAVID LIVINGSTON, Individually and as President of District 65, Distributive, Processing and Office Workers of America, C.I.O., et al., Defendants, and WILLIAM MICHELSON, Individually and as Organizational Director of District 65, Distributive, Processing and Office Workers of America, C.I.O., et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Glennon, J. P., Dore, Cohn, Callahan and Botein, JJ.

MABEL E. McLEAN v. WILLIAM McKINLEY.— The crucial question raised on this motion to reargue is whether, when plaintiff testified that she saw defendant's car approaching the intersection when she (plaintiff) was ten feet from the intersection, she meant ten feet from the center of the intersection or ten feet from the beginning of the intersection, or to put it another way, whether there was such ambiguity in her testimony as to leave a jury question and allow a finding that by "intersection" she meant "center" of the intersection rather than the beginning of the intersection. A rereading of the record makes it perfectly clear that whenever plaintiff spoke of "intersection" she meant what would ordinarily be considered the intersection, namely the beginning of the intersection and more specifically that when she was ten feet from the intersection and saw defendant's car approaching she meant and could only be understood to mean the beginning of the intersection. The motion for reargument is accordingly denied. Present — Peck, P. J., Glennon, Cohn, Callahan and Breitel, JJ. [See *ante*, p. 138.]

## (October 13, 1953.)

COLONIAL PIECE DYE WORKS, INC., Defendant and Third-Party Plaintiff-Respondent, v. GENERAL DYESTUFF CORPORATION, Third-Party Defendant-Appellant. [TULLER FABRICS CORP., Plaintiff, v. COLONIAL PIECE DYE WORKS, INC., Defendant.] — Order unanimously affirmed, with $20 costs and disbursements to the respondent. The case appears to present a proper situation for a claim-over under section 193-a of the Civil Practice Act in that the cross claim is sufficiently related to the main action by a common question of law and fact. Though the cross claim does not expressly allege a sale of any dyes by appellant to respondent, it does allege that there were express warranties made by appellant to respondent which were breached and we think that we may imply that there were relations between the parties which made such breaches actionable. Present — Cohn, J. P., Callahan, Breitel, Bastow and Botein, JJ. [See *post*, p. 935.]