Matthew M. Levy, J.
Before I set forth the facts and the precise nature of this motion, I shall note several applicable general principles: (1) When a defendant seeks dismissal of a complaint for alleged insufficiency on its face, the plaintiff’s bill, particularizing the allegations of the complaint, may be taken not only in support of the complaint (Green v. Doniger, 300 N. Y. 238, 241), but also in limitation of it (May Metropolitan Corp. v. May Oil Burner Corp., 290 N. Y. 260, 266-267). (2) On a motion by a third-party defendant to dismiss a third-party complaint for insufficiency, consideration must be given not only to the pleading directly attacked, but also to the complaint-in-chief interposed by the original plaintiff as against the original defendant (cf. Bonn v. Kotler Co., 203 Misc. 407), who, by virtue of Ms invoking section 193-a of the Civil Practice Act, has become a third-party plaintiff, with the result that the original complaint thus studied must bear adequate relation to the charge for which the original defendant (as third-party plaintiff) is seeking indemnity from the third-party defendant (Goldberg v. Lieberthal, 203 Misc. 350). As to that much at least I believe the law to be well established. (3) In the instant case, I go further and hold that where the original plaintiff’s bill of particulars explicitly makes clear that the case against the original *240 defendant is in no way connected with the claim over by that defendant against the third-party defendant, and, in turn, neither the third-party complaint nor the particulars of it in any way indicate any such connection, the third-party defendant is entitled to a dismissal of the third-party complaint against him.
If I am correct in my statement of the recognized law and of my minor extension of it, the problem before me is a simple one. The plaintiff, Atlas Clothing Export Corp., sued the defendant, Consolidated Edison Company qf New York, Inc. In its complaint Atlas alleges that Consolidated constructed a transformer station on land adjacent to the Atlas property, that Consolidated caused blasting and drilling in the excavation and building, that the work was negligently performed and that a nuisance was created, resulting in the seepage of water upon and the undermining of the Atlas walls and foundation, for which Atlas claims damages from Consolidated. Consolidated sued in a third-party action against Thomas Crimmins Construction Co., Inc., among others. By way of the third-party complaint, Consolidated alleges that the work done was performed by Crimmins as a contractor for Consolidated, and, resting on the original complaint, charges Crimmins, the third-party defendant, with negligence in the respects that the original complaint had charged Consolidated to be negligent. It is further alleged in the third-party complaint that the agreement between Consolidated and Crimmins provides that Crimmins “ shall indemnify and save the Company [Consolidated] harmless from and against any and all liability arising from injury to person or property occasioned wholly or in part by any act or omission of the Contractor [Crimmins], his agents, servants or employees.” In consequence, Consolidated says that if it is liable to Atlas, Crimmins is liable to Consolidated under the indemnity clause of the construction contract. However, the Atlas bill of particulars (served upon Consolidated pursuant to its demand) expressly withdraws all claim of damage from blasting and drilling, and, stipulating explicitly that all damage to Atlas occurred from seepage, states the Atlas cause of action to be that Consolidated filled in the area immediately adjacent to the Atlas premises and its party wall, and that the level was allowed to remain two feet above street level, and that Consolidated should have provided in accordance with the Administrative Code a surplus retaining wall, its own independent wall in the circumstances, and its failure so to do was the negligent and proximate cause of the Atlas damage.
*241 Crimmins, the third-party defendant, moves before me to dismiss the complaint of the third-party plaintiff, Consolidated, upon the ground that the complaint of Atlas, the plaintiff, as limited by the Atlas bill of particulars, does not state a cause of action upon which the third-party plaintiff, Consolidated, has a claim over against the third-party defendant, Crimmins. The motion is granted.
It is clear that Atlas relies for recovery upon the creation and existence of a nuisance, or negligence in allowing a result to exist as to the fill and the level, and because of the lack of a proper and legal retaining wall, pursuant to obligation imposed by law and because of the level of the fill. On the plaintiff’s bill of particulars there can be no recovery unless it is shown that the defendant Consolidated violated not a duty of care, but a duty of maintenance imposed by statute. And the claimed statutory violation has no relation to the doing of the work, in its manner or performance or as to the materials or equipment, but solely that what was done left something still to be done — an additional safeguard was to be supplied, as required by the statute. Insofar as I can tell from the present pleadings, it was not the obligation of Crimmins to satisfy the statute in the manner required, because of Consolidated’s decision to change the grade, but it was Consolidated’s obligation (when ordering the work and contracting it to be done) to provide also for a proper retaining wall. It is not alleged in the present third-party complaint that the third-party defendant did not do something required of it or did something other than what was required or that was in any manner lacking in care. In the light of its bill of particulars, the plaintiff does not now say that the seepage occurred because of bad fill or a bad wall or any sort of bad work, but because of the absence of the wall and because of the bad level and because defendant has not discharged the duty imposed by statute to maintain a proper wall in the circumstances — with all of which the third-party defendant has nothing to do. In other words, there is now in the main suit no claim of any faulty act done in the course of performance, but rather the doing of an act not improper itself but which, when weighed in the light of the requirements of the code, was illegal, and the damage sued for was in the completed work.
The third-party plaintiff, in opposition, says that the motion is premature and that the matter must be left for the trial. I do not think so. It may be proper in some cases to await the development of the facts on the trial. But the state of the pleadings must justify imposing upon a third-party defendant *242 the burden of participation in, if not attendance upon, a trial between a plaintiff and a defendant. There is nothing in the Atlas present claim that could upon trial support a contention that in doing the work to completion, Crimmins, the third-party defendant, as a contracting party with the defendant Consolidated, did not do all of the work required of it by contract in any manner other than a careful one. There is now no allegation of any injury to the plaintiff’s property occasioned wholly or in part by any act or omission of the third-party defendant. In consequence, I do not think that the motion is premature.
While the instant third-party complaint must be dismissed, I feel that the third-party plaintiff should be given leave to amend. From the papers before me it appears that, while the complaint was verified on April 13, 1951 and the third-party complaint on August 14, 1952, the plaintiff’s bill of particulars (so drastically limiting the plaintiff’s cause of action) was not verified until February 10,1953. Moreover, all of the provisions of the contract between the defendant Consolidated and the third-party defendant Crimmins are not before me and the contract may have clauses which would require Crimmins to take care of the fill or the level or to construct the wall or to provide the drainage or to do something to prevent the seepage (which alone is now claimed by the plaintiff as the cause for damage) either during performance or after completion. It may be that this was not set out in the present Consolidated pleading because it was signed prior to the time when the plaintiff’s bill of particulars pinpointed so clearly the basis of the complaint. Also, there have not been presented to me the original answer of the defendant Consolidated and a fourth-party complaint and bill of particulars apparently served by Crimmins upon a fourth party. It may appear when the facts are duly pleaded, that the “ hold-harmless ” clause which Consolidated relies upon for indemnification from Crimmins does apply to the Atlas claim. In the circumstances, Consolidated should be accorded the opportunity to amend its third-party complaint. The objection by the moving party that the answering affidavit is not usable on this motion (Merchants Loan & Inv. Corp. V. Abramson, 214 App. Div. 252) would be sound if the affidavit were on the matter of the legal merits. I have considered it only with respect to the discretionary matter of granting leave to amend.
Order signed.