DEBBY JUNIOR COAT & SUIT CO., Plaintiff, *v.* WOLLMAN MILLS, INC., Defendant and Third-Party Plaintiff. ALLIED TEXTILE PRINTERS, INC., Third-Party Defendant.

Supreme Court, Special Term, New York County, February 2, 1955.

*Jerome M. Schwartz* and *William Rosmarin* for third-party defendant.

*Winer & De Vito* for defendant and third-party plaintiff.

MATTHEW M. LEVY, J. This is a motion by the third-party defendant to dismiss the third-party complaint for insufficiency assertedly appearing on the face thereof.

In its complaint the plaintiff alleged that it purchased goods from the defendant when the latter warranted that the goods were crease-resistant and water-repellent and fit for use by the plaintiff in the manufacture of women's raincoats. The action-in-chief is for alleged breach of warranty, in that after a period of time and when exposed to moisture the material gave up an offensive odor. In the third-party complaint, the defendant (as third-party plaintiff) alleges that the goods had been delivered to the third-party defendant for processing, and that, upon such treatment, were rendered unfit by reason of the objectionable odor. The third-party complaint alleges two causes of action — one for breach of warranty of fitness and the other for negligence in the processing.

In support of its motion to dismiss the first cause of action, the third-party defendant places its chief reliance upon the fact that the defendant in its answer affirmatively claims that the sale made to the plaintiff was not as alleged in the complaint, but a " to-close-out " sale without warranty; and that since there can be no recovery by the plaintiff on the alleged warranty, there is no basis for recovery over by the defendant. But, as the third-party plaintiff pleads in its complaint, the plaintiff may succeed upon its claim of warranty, notwithstanding the third-party defendant's contention. If so, the third-party plaintiff will be entitled to a claim over. The plaintiff and the third-party plaintiff say, respectively, that the defendant and the third-party defendant, respectively, made a warranty as to the fitness of the processed material, the defendant having sold the processed material to the plaintiff with the warranty and the third-party defendant having processed the material and warranted to the defendant that the material so processed was fit. The plaintiff and the third-party plaintiff each says the breach arose from the presence of chemicals rendering the material unfit in the manner indicated. While the warranties were made by and to different parties, they are otherwise identical in fact and in law and the claim of breach is the same (cf. *Goldberg* v. *Lieberthal*, 203 Misc. 350). The motion to dismiss the first cause is denied.

At this point I think it is not inappropriate for me to say that I am not unaware of the cases which hold that where the notice of motion to dismiss is directed to the entire complaint, the motion must be denied in its entirety, if there is at least one cause of action which is sufficient (*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79, 84; *Laster* v. *Solotaroff,* 273 App. Div. 32; *Lerman* v. *Johnson,* 280 App. Div. 935; *Helm* v. *Maryland Cas. Co.,* 273 App. Div. 800). But I do not want to rest my determination on this rule (see *Kasen* v. *Hercules Knitting Co.,* 60 N. Y. S. 2d 381), and I shall therefore consider on the merits of the pleading the sufficiency of the second cause set forth in the third-party complaint.

As has been seen, the first cause of action in the third-party complaint is based upon the claim of right of recovery over upon the warranty, while the second cause is in negligence, to the effect that the third-party defendant processed the material in a negligent manner so as to produce the result of unfitness. Thus it is claimed in this count that it was the negligence of the third-party defendant which occasioned the loss that the defendant may suffer at the plaintiff's suit. It is urged in support of the motion to dismiss that this claim cannot be invoked in this action; that the cause in negligence is not in any way related to the plaintiff's suit; that the negligence, if any, of the third-party defendant did not occasion the defendant's loss, if any — in sum, that, as there is no count in negligence pleaded by the plaintiff, the defendant cannot as third-party plaintiff implead another upon the basis of alleged negligence of that other. No precise precedents in point are cited and I myself could not find any.

The argument is not persuasive. The moving party has, I think, fallen into the error of misreading the statute. It is true that the defendant's loss, if there is to be one, will be occasioned solely by reason of the defendant's warranty — for if the plaintiff is to succeed at all, it must do so upon the breach of warranty alleged in the complaint in chief. But it does not follow, because the plaintiff's claim against the defendant is in warranty, not negligence, that in consequence the defendant's claim over cannot be in negligence, as well as in warranty. In either case, to use the language of the statute, the third-party defendant " is or may be liable to him [the defendant] for all or part of the plaintiff's claim against him "; and the statute makes clear that while the " claim " against the third-party defendant " must be related to the main action by a question of law or fact common to both controversies " — that between

the plaintiff and the defendant on the one hand, and that between the defendant and the impleaded third-party defendant on the other — it is not required that such relation be by " all " such questions. Moreover, the statute goes on (as if to emphasize) that the claim over " need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff " (Civ. Prac. Act, § 193-a, subd. 1). This language makes " it clear that the permissibility of impleader should not depend upon any legalistic test of identity between the two causes of action, but rather upon the existence of one or more substantial issues of law or fact common to both controversies " (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 207). And, by subdivision 5 of the section, it is significant that express provision is made for appropriate special findings when a verdict in the plaintiff's favor against the defendant might be rendered upon a ground which would not support the claim asserted by the defendant as third-party plaintiff against the third-party defendant.

In my view, the comparatively recent amendment to the law, known as section 193-a of the Civil Practice Act and providing for third-party practice, should not be circumscribed in the narrow manner urged by the moving party. There is no sound reason for so hamstringing the use to which this farsighted and timesaving procedural reform may be put. In the case at bar, the alleged unfitness of the goods is certainly a substantial common question of fact, and the claimed unsuitability is identical in both controversies. If the merchandise in issue (in breach of the defendant's warranty) was in fact unfit for use by the plaintiff, it could have been rendered so by the third-party's negligence as well as by that party's warranty.

If the facts warrant, and if any party to the action may be prejudiced, delayed or inconvenienced, it is still within the province of " The court, in its discretion * * * [to] dismiss * * * [the] third-party complaint without prejudice to the bringing of another action, order a separate trial of the third-party claim or of any separate issue thereof, or make such other orders concerning the proceeding as may be necessary to further justice or convenience." (Civ. Prac. Act, § 193-a, subd. 4.) The present motion does not invoke this provision, but seeks to dismiss the third-party complaint as a matter of law upon the ground that it appears on its face that it does not state facts sufficient to constitute a cause of action. That motion is denied.