GEORGE PANSY, Individually and as Administrator of the Estate of CLARA PANSY, Deceased, Plaintiff, *v.* HORACE MASSOLA, Defendant.

Supreme Court, Special Term, Bronx County, April 21, 1955.

*Irving Kaufman* for plaintiff.

*John J. Bower* for defendant.

MATTHEW M. LEVY, J.   While Clara Pansy and her husband George were passengers in an automobile owned and operated by the defendant, an accident ensued, allegedly resulting from the negligence of the defendant.   An action was commenced in the City Court of the City of New York, in which Clara and George were plaintiffs, upon the following three causes of action:  (1) by Clara, for her personal injuries; (2) by George, for (a) his personal injuries and for (b) his medical expenses, and for (c) loss of earnings resulting from his injuries; and (3) by George for (a) loss of Clara's services, and for (b) medical expenses incurred in her behalf.   Subsequently, Clara died, allegedly as the result of injuries sustained in the accident.   George was thereupon appointed the administrator of Clara's estate.   Thereafter George, suing individually and as such administrator, brought this action in the Supreme Court, pleading the following two causes:  (1) by George as administrator, (a) for Clara's wrongful death, (b) for medical expenses incurred by reason of her injuries and resulting death, and (c) for funeral, burial and estate expenses; and (2) by George individually, for loss of Clara's services by reason of (a) her injuries and of (b) her death.

This is a motion by the defendant, under subdivision 3 of rule 107 of the Rules of Civil Practice, to dismiss the complaint in this court on the ground that there is another action pending between the same parties for the same relief in the City Court, a court of competent jurisdiction. On the argument, I suggested to counsel that the just and expedient solution would be to consolidate the City Court action with the action pending in the Supreme Court.   The plaintiff agreed.   The defendant refused.

While both complaints relate to the same set of basic facts, it is obvious that some of the counts are not identical.   For

example, the second cause of action pleaded in the City Court — for George's personal injuries and the medical expenses and loss of earnings resulting therefrom — is plainly not repeated in the Supreme Court suit. Also, it need be mentioned only in passing that so much of the first cause of action in the Supreme Court as seeks to recover for funeral, burial and estate expenses arising from Clara's death, is not included in the City Court action instituted by her while she was alive. Since the defendant has now moved for an order " dismissing plaintiff's complaint as there is another action pending between the parties for the same relief " — without even the usual prayer " for such other and further relief as to the Court may seem just and proper " — if any of the causes of action in the Supreme Court is different from any of the causes of action in the City Court, the motion to dismiss (directed as it is to the complaint as a whole) may be denied (*Debby Junior Coat & Suit Co.* v. *Wollman Mills,* 207 Misc. 330, 333). But I shall undertake to consider the other causes on the merits, to ascertain if there be in fact any fatal identity.

Let us first compare the first cause of action pleaded in the Supreme Court complaint — for Clara's wrongful death — and the first cause of action alleged in the City Court action — for Clara's personal injuries. The Supreme Court suit is brought by George, as the administrator of Clara's estate. The City Court count was instituted by the living Clara. Upon her death, Clara's City Court action for personal injuries and pain and suffering survived (Decedent Estate Law, § 119; 1935 Report of New York Law Revision Commission, p. 157); but by reason of her demise the proceedings in that court as to her cause are stayed until her personal representative has been substituted as a plaintiff (*Friedlander* v. *Roxy Theatre,* 204 Misc. 740, 742, affd. 283 App. Div. 860). There has as yet been no such substitution, but even if there were that would not mean that the Supreme Court count by the administrator is for the same relief as the City Court count by him. While the person of the plaintiff administrator in the City Court and the person of the plaintiff administrator in the Supreme Court would be one and the same, and while a cause of action to recover damages for personal injuries accruing before death and a cause of action for the resulting wrongful death may be prosecuted to judgment in a single action (Decedent Estate Law, § 120, par. second; see *Helman* v. *Markoff,* 255 App. Div. 991, affd. 280 N. Y. 641), the causes of action here would not be the same — and for several reasons. It can readily be noted from a comparison of the two

complaints that the administrator has refrained from suing in the Supreme Court for the personal injuries and pain and suffering occasioned Clara as a result of the accident. A cause of action for wrongful death arises, of course, only upon death, and cannot therefore accrue to the decedent. Such an action (which the first count in the Supreme Court complaint is) is not the same as the common-law action for personal injuries (which is the first count pleaded in the City Court) and that is true even though a substantive condition to the successful prosecution of the statutorily created death action is liability of the defendant to the decedent if death had not ensued (Decedent Estate Law, § 130). Moreover, the Supreme Court count in the name of the administrator is solely for the benefit of her surviving husband and certain of her surviving next of kin (Decedent Estate Law, § 133), and not for the benefit of her estate in general. In the City Court action, on the other hand, the cause there continued by the administrator would be one which accrued to Clara in her lifetime — for the personal injuries occasioned her — and the beneficiaries of the judgment there recoverable are not necessarily identical with those for whose benefit the action for wrongful death is brought.

The only possible remaining branch of the first cause alleged in the Supreme Court action deemed worthy of comment is that for medical expenses incurred by reason of Clara's personal injuries and resulting death. Certainly, such expenses incurred by reason of the demise were not sued for before death. And as to the medical expenses while Clara was alive, they were (as usual) sued for by her husband — in the City Court action. In the Supreme Court the suit therefor is by her administrator. That they are both named George Pansy does not make the two causes of action ones between the same parties — because quite plainly the suits are by George in two different legal capacities.

So, the motion to dismiss the present first cause of action — if such a motion can be considered as having been made — must be denied. Let us next consider the second count pleaded in the Supreme Court complaint. There, George sues in his individual capacity for the loss of his wife Clara's services, the loss being occasioned first by her injuries before death and then by the death itself. There is a count (the third) pleaded in the City Court action, in which George sues for the loss of his wife's services resulting from her personal injuries — while living, of course. In that respect — and in that respect only — can it be said '' That there is another action pending between the same parties for the same cause '' (Rules Civ. Prac., rule 107, subd.

3). True, the second count in the Supreme Court action seeks to recover for something more than does the third count in the City Court action. But, I suppose that I could — on the basis of a proper motion — dismiss part of a cause of action even though it is not dismissible in its entirety (Civ. Prac. Act, § 476). I do not believe that I must, however, in view of the language of the notice of motion here — which, as I pointed out earlier, is directed to the complaint as a whole and not to each cause of action contained therein. A fortiori when the issue is the vulnerability of a part of a cause of action, and not the count as a whole (cf. Prashker, New York Practice [3d ed.], p. 367, note 2).

The defendant's motion is denied, with leave to the defendant to answer within ten days after service of a copy of this order with notice of entry. I suggest again that the parties stipulate for consolidation. If that is not consented to, two simple motions will effectuate the desired result — one in the City Court to substitute George as administrator for Clara (Decedent Estate Law, § 119), and the other in the Supreme Court to consolidate the two actions (Decedent Estate Law, § 120, par. fourth). The latter motion is usually made after the service of the defendant's answer (*Casanave* v. *Robbins,* 262 App. Div. 873, Case No. 2); but the rule is not invariable, for where, on a motion to consolidate, " the court can plainly see what the issues are to be, the reason for waiting for the pleadings disappears and the order may be granted before the issues are fully framed." (*Gibbs* v. *Sokol,* 216 App. Div. 260, 262.) I mention this because in his answering affidavit plaintiff's counsel states that he " intends to move to consolidate these actions as soon as the answer in the death action is received."