Henry A. Hudson, J.
This is a motion for judgment on the pleadings in an action brought for the specific performance of an oral agreement claimed to have been made between Ada I. Johnson Ostrander, plaintiff, and Maud A. Johnson, plaintiff’s mother, now deceased. Plaintiff alleged that her mother agreed to convey jointly with her husband (plaintiff’s stepfather) two parcels of real estate, parts of Block 68 in the city of Syracuse, N. Y. to the plaintiff subject to the existing mortgage, in return for the agreement of the plaintiff to aid and assist her mother during her lifetime, pay certain expenses in connection with its upkeep and make repairs and improvements to the premises. Thereafter the husband of Maud A. Johnson died leaving her the sole owner of the two parcels of property. On April 29, 1953, Maud A. Johnson executed and delivered a deed conveying the property to plaintiff and Carl A. Carter subject to the life use of Maud A. Johnson which deed was duly recorded in the County Clerk’s office of Onondaga County, May 8, 1953. Thereafter, being dissatisfied, Maud A. Johnson requested plaintiff and Carl A. Carter to deed the premises hack to her and on the 12th of November, 1953, plaintiff and Carl A. Carter reconveyed the premises to Maud A. Johnson. Maud A. Johnson died December 2, 1955 leaving a will naming Howard Cop-pins as executor and gave the real estate which is the subject of this action to Marguerite Coppins and Mildred Hochesgang, *1003 her nieces. The will was admitted to probate on or about June 20, 1957.
It is claimed by the plaintiff that she and Carl A. Carter “upon representations and agreements of Maud A. Johnson that she (plaintiff) would be the owner of said premises upon the decease of Maud A. Johnson,” reconveyed the premises to her mother, November 12, 1953. Plaintiff further claims that ■she has on her part duly performed all the conditions of such •agreement and recites as evidence thereof the expenditure of money in the improvement of the property during the lifetime ■of her stepfather and her mother. She further claims that her mother, Maud A. Johnson, failed to transfer the property to her before her death in accordance with the understanding of November 12, 1953 and that demand has been made to the executor of the estate of Maud A. Johnson to execute and deliver a deed to the premises and to account for rents received therefrom since the death of Maud A. Johnson and that same has been refused. Demand is made in the complaint for a judgment decreeing plaintiff the owner of the premises; that the plaintiff is entitled to specific performance of such agreement between plaintiff and her mother and stepfather and that defendants be directed to specifically perform the agreement; to execute, make and deliver a deed of the premises as executor of the last will and testament of Maud A. Johnson and as distributees and devisees under said last will and testament and to account for the rents thereof since the death of Maud A. Johnson.
The defendants have filed an answer setting up among other things the defense of the Statute of Frauds.
Allegations contained in the answer may not be considered on a motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice as they are deemed controverted by traverse or avoidance as the case may be (Civ. Prac. Act, § 243; Grade Square Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 278; Lipkind v. Ward, 256 App. Div. 74, 75), unless it appears from the face of the complaint itself that the allegations in the answer are correct. In this case, the Statute of Frauds is properly before the court as the complaint sets forth that the agreement was oral. (Graci Square Realty Corp. v. Choice Realty Corp., supra, p. 279.)
The complaint appears to set forth two different oral agreements between the parties concerned and the plaintiff appears to rely on the alleged performance of the conditions required of her under the first agreement to support her right .to relief under the second. The defendants urge and I agree with their *1004 contention that the first agreement although "an oral agreement was consummated by Maud A. Johnson by the delivery to plaintiff and Carl A. Carter of a deed of the premises subject to a life use which she reserved.
After setting forth the first agreement and its consummation in paragraphs ‘1 3 ” and “4” of the complaint, the plaintiff then alleges the second oral agreement in paragraph “ 5 ”. Plaintiff then reverts to the first cause of action and the events leading up to the deed of April 29, 1953 in paragraphs “ 6 ” and ‘ ‘ 7 ” of the complaint. These allegations can have no application to the establishment of the second alleged agreement. Finally in paragraph ‘ ‘ 10 ” the performance referred to would appear to relate to the first agreement, as the only alleged obligation of the plaintiff in reference to the second agreement, was the execution of the deed of November 12, 1953. It is then alleged that Maud A. Johnson failed and neglected to execute and deliver a deed of the premises to the plaintiff. This would appear to refer to the second agreement but no where else in the complaint is there any reference to the giving of a deed by Maud A. Johnson, the inference insofar as the allegations of paragraph 5 ” are concerned, being that the transfer would take effect on death.
It is thus apparent from an examination of the complaint, that the plaintiff has failed to set forth with any degree of clarity, the theory upon which she seeks to recover and it is necessary to give a very liberal interpretation to the complaint to spell out a cause of action based on the second alleged oral ‘ ‘ agreement or representation, ” as it is termed in paragraph “ 5 There are no allegations that any obligations were imposed on plaintiff in addition to the execution of the deed of November 12, 1953 as to the care of her mother, the. payment of the expense of upkeep or improvement of the premises nor are there any allegations as to any actual performance by plaintiff of any such services or benefits for her mother after November 12, 1953. Her mother died December 2, 1955. As far as the complaint is concerned the plaintiff fulfilled her obligations under the second oral agreement by the mere execution of the deed on November 12, 1953.
As I have previously stated I believe that all of the acts leading up to the delivery of the deed to plaintiff on April 29, 1953 were merged in the conveyance itself which consummated the oral agreement to convey. None of those facts would be material or relevant to establish the second oral agreement. Consequently, we are here concerned with a cause of action to *1005 enforce an admitted oral agreement to convey real estate on the death of the transferor. No facts are set forth which would bring this cause of action within the provisions of section 270 of the Real Property Law nor within the exceptional circumstances referred to in the several leading cases relied upon by the defendants. These cases determined that the Statute of Frauds would bar a recovery in this type of action, under circumstances which were much more favorable to the plaintiff than exist here. (Burns v. McCormick, 233 N. Y. 230; Neverman v. Neverman, 254 N. Y. 496; Canute v. Minor, 232 App. Div. 325.)
If I am correct in my interpretation of the alleged ‘ ‘ representations and agreements ” relating to the second agreement, that it was an agreement to convey on death, the cause of action set forth in the complaint is barred by section 259-a of the Real Property Law.
If the cause of action could be deemed to allege an agreement to convey by deed, it is barred by section 242 of the Real Property Law.
The right to offset the intent indicated by a valid will must be based on more than disappointed expectations or an expression of intention in the form of a promise which was not carried out. (Frankenberger v. Schneller, 258 N. Y. 270.)
The cases cited by plaintiff, I do not consider applicable herein.
Higgins v. Exchange Nat. Bank (142 Misc. 69) for the reason that the oral contract therein had ‘ ‘ been abundantly established by evidence independent of and aside from that showing performance ”. (P. 77.) The same applies to Salem v. Finney (127 Misc. 387).
In the case of Adsit v. First Trust & Deposit Co. (7 Misc 2d 651) decided by this court and affirmed by the Appellate Division by decision of April 30, 1958 (5 A D 2d 1050), performance by both parties had been alleged in the complaint, there was a valid will devising the property in question and the court held that the question as to whether or not plaintiff was entitled to receive the property free and clear of all encumbrances should await the trial of the case. The facts in the instant case are not comparable.
I consider that the facts pleaded in the complaint and relied upon by plaintiff to establish an oral agreement, to convey by will or deed on her mother’s death are insufficient to establish a cause of action and that any right to recover would be barred by the Statute of Frauds.
*1006 The motion of the defendants is granted, with $10 costs, without prejudice, however, to the right of the plaintiff, within 20 days after the service of a copy of the order herein, to serve an amended complaint setting forth facts to support a cause of action to recover under the second alleged oral agreement.