Nicholas M. Pette, J.
Motion by the third-party defendant to dismiss the third-party complaint upon the ground that it fails to state facts sufficient to constitute a cause of action for indemnity.
Upon a motion of this kind, consideration must be given not only to the pleading directly attacked, but also to the complaint of the plaintiff against the defendant and third-party plaintiff. (Atlas Clothing Export Corp. v. Consolidated Edison Co., 4 Misc 2d 238.) To sustain the third-party complaint facts must be alleged therein from which it may be inferred that the third-party defendant “ is or may be liable ” to the third-party plaintiff for all or part of the original plaintiff’s claim. (Labate v. Fort Tryon Apts., 2 A D 2d 960.)
In the original complaint verified June 2, 1958, the plaintiff alleges that it and its predecessor in interest were the owners of a leasehold to premises described in the complaint and that the defendants were the owners of various properties containing one-family houses adjoining and contiguous to the property of the plaintiff; that plaintiff sustained damages in the sum of $5,000 by reason of the commission by each of the defendants prior to and since April, 1958 of trespasses and injury upon the lands of the plaintiff ‘1 with intent to injure the plaintiff herein ” and without its leave; that “ Said trespass and injury consisted in that each of the said defendants did intentionally and deliberately divert the surface waters from their own lands and from their buildings onto the lands of the plaintiff above described”; that the water so diverted from the lands of the defendants onto the lands of the plaintiff do not in their natural state, nor in the natural state of the premises of plaintiff and defendants, flow onto the lands of the plaintiff, but ‘ ‘ that these defendants by unlawful acts have deliberately and intentionally diverted the natural flow of said waters onto the lands of the plaintiff.” In addition to demanding judgment for the damages mentioned above, the plaintiff seeks a permanent injunction restraining the defendants and each of them from further committing any of the unlawful acts herein described and particularly from diverting the surface waters from their own lands onto the lands of the plaintiff.
In the third-party complaint it is alleged that the third-party defendant breached its contract of insurance with the third-party *49 plaintiff in refusing to defend the main action and in disclaiming liability with respect thereto.
It is the contention of the third-party defendant that the pleading under attack does not set forth a good and valid cause of action on its face because it appears from the face of the original complaint that the main cause of action is based upon a willful and intentional tort which is specifically excluded under the insurance policy. Such insurance policy has been annexed to the moving papers and provides in paragraph (c) of exclusions that the policy does not apply ‘ ‘ to injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured. ’ ’
There is, of course, a distinction between liability and coverage. “ ‘ So far as concerns the obligation of the insured to defend the question is not whether the injured party can maintain a cause of action against the insured, but whether he can state facts which bring the injury within the coverage. If he states such facts the policy requires the insurer to defend irrespective of the insured’s ultimate liability.’ ” (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148, 154 and the authorities there cited.)
Inasmuch as the complaint in the main action expressly charges the defendants, including the third-party plaintiff, with an intentional and deliberate wrong, no facts have been stated in the third-party complaint which bring the injury with which the third-party plaintiff is charged within the coverage of the policy. While conceding that an analysis of the complaint in the main action indicates that the acts of diverting the waters onto the lands of the plaintiff were willful and intentional and constituted a trespass, the third-party plaintiff contends nevertheless that the third-party complaint should be permitted to stand on the theory that in the absence of proof of a willful act at the trial, the trial court would permit the plaintiff to amend the complaint to conform to the evidence if it be shown that the third-party plaintiff had been negligent, and if that is shown, the exclusion clause would not be operative and the third-party plaintiff would be covered by the policy.
This court, however, cannot indulge in speculation with respect to the course of the trial. The fact remains that the complaint in the main action presently binding upon the court expressly pleads an intentional and willful wrong which has been excluded from coverage. In this state of the pleadings, no cause of action on the policy has been alleged. The motion to dismiss the third-party complaint is accordingly granted.
Submit order.