Arthur D. Brennan, J.
This is a motion by the third-party defendant to dismiss the third-party complaint for legal insufficiency.
The plaintiff in his complaint alleges that he purchased bread from the defendant, a retail baker; that the bread contained a broken blade and that when the plaintiff attempted to consume the bread he was injured by reason of the presence of the broken blade in the bread. Said complaint is predicated on breach of warranty of fitness of the bread for human consumption.
The defendant, as third-party plaintiff, impleaded the third-party defendant by the service of a third-party complaint which alleges two causes of action — one for negligence and the other for breach of warranty. In the cause of action for negligence it is alleged that the third-party plaintiff purchased a bread-cutting machine from the third-party defendant who serviced, adjusted or repaired the machine at the bakery of the third-party plaintiff and who, on occasions replaced the cutting or slicing blades in the machine; that this work was done pursuant to an agreement between the parties wherein it was provided that such work was to be performed in a careful and workmanlike manner and suitable and proper blades and material were to be installed and furnished. It is further alleged that if the plaintiff was injured as set forth in the complaint and for the reasons alleged, such injuries and damage were sustained solely by reason of the active negligence on the part of the third-party defendant in that he serviced, adjusted and repaired the aforesaid machine in a careless and improper manner and permitted said machine to remain in such a condition that when the bread (subsequently sold to the plaintiff) was cut and sliced, a portion of the blade of said machine became imbedded in the bread.
In the second cause of action in the third-party complaint, after repeating the allegations of the first cause of action, it is alleged that at the time the aforesaid machine was serviced, adjusted and repaired, the third-party defendant represented and warranted that the labor and material which is furnished *71 in connection with the work, would be proper and suitable and that the machine would be in a safe condition so that no portion of the blade of the machine would become imbedded in any bread which was cut or sliced. It is further alleged that if the plaintiff sustained the injuries in the manner alleged in his complaint, the alleged representations and warranties of the third-party defendant were untrue and he breached his agreement in that the said machine was improperly serviced, adjusted and repaired; that it was caused to become in such a condition that it was unsuitable for the purpose for which it was intended to be used in the business of the third-party plaintiff and that as a result, a portion of the blade of said machine became imbedded in the bread purchased by the plaintiff.
The third-party defendant contends that the issues of law and fact raised by the third-party complaint are entirely dissimilar and totally unrelated. The third-party defendant asserts that since the plaintiff seeks to recover for breach of warranty, the third-party plaintiff may not have a claim for indemnity based on negligence and breach of warranty.
In a well-reasoned opinion, Mr. Justice Matthew M. Levy, in a case analogous to the ease at bar, overruled a contention similar to that made by the third-party defendant herein. (Debby Junior Goat & Suit Co. v. Wollman Mills, 207 Misc. 330.) This court is of the view, that in the light of the reasoning of Mr. Justice Levy, and considering the present broad scope of section 193-a of the Civil Practice Act, the third-party plaintiff herein properly interposed a claimover based upon negligence as well as breach of warranty even though the gravamen of the plaintiff’s complaint is breach of warranty, as a sufficient relationship exists between the facts alleged in the plaintiff’s complaint and those alleged in the third-party complaint. (See, also, Colonial Piece Dye Works v. General Dyestuff Corp., 282 App. Div. 858; V. B. Constr. Co. v. Murray, 274 App. Div. 1019.)
Accordingly, the motion is denied. Submit order.