In the Matter of the Probate of the Will of JOSEPHINE C. ODHAM, Deceased. JOSEPHINE E. O. WARNE, Appellant; FRANCES DELANEY, as Executrix of JOSEPHINE C. ODHAM, Deceased, Respondent.— Decree affirmed, with costs to all parties filing briefs payable out of the estate. All concur. (Appeal from a decree of Seneca Surrogate's Court dismissing the objections of contestant at the close of the evidence, and admitting the will to probate.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

ADA I. J. OSTRANDER, Appellant, v. HOWARD COPPINS, Individually and as Executor of MAUD A. JOHNSON, Deceased, et al., Respondents.— Order reversed, with $10 costs and disbursements and motion denied, with $10 costs. Memorandum: The order appealed from dismissed the complaint on a motion by the defendants pursuant to rule 112 of the Rules of Civil Practice. In reversing the order and denying the motion, we do not pass upon the question of whether the agreement would be enforcible if it were oral and fell within the provisions of the Statute of Frauds. On this motion, we are simply concerned with the sufficiency of the complaint to state a cause of action. The decision of the Special Term was based on the assumption as there expressed, that "we are here concerned with a cause of action to enforce *an admitted oral agreement* to convey real estate on the death of the transferor." (Emphasis supplied.) The Special Term said that the Statute of Frauds was before the court "as the complaint sets forth that the agreement was oral." The fact is that nowhere in the complaint is it alleged nor does it appear that the agreement or agreements were either oral or in writing. The allegations that they were not in writing and subscribed by the persons charged appear solely in the affirmative defenses of the answer. There was no bill of particulars to be considered on the motion. It necessarily follows that the complaint states facts sufficient to constitute a cause of action and a determination as to whether the agreements were oral or in writing, and whether if they were oral, they were enforcible, must await proof at the trial. All concur. (Appeal from order of Onondaga Special Term dismissing plaintiff's complaint and directing judgment accordingly unless plaintiff serves an amended complaint, in an action to compel specific performance of an alleged oral agreement.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ. [11 Misc 2d 1001.]

JACK GARLINER, Appellant-Respondent, v. ALLAN HERSCHELL COMPANY, INC., Respondent-Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the plaintiff-appellant to abide the event, on the ground that the evidence presented a question of fact which should have been presented to the jury. All concur. (Cross appeals from a judgment of Monroe Trial Term dismissing plaintiff's complaint and defendant's counterclaim after motions by both parties as to the complaint and a motion by plaintiff as to defendant's counterclaim, in an action for damages for an alleged breach of contract.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

FRANK CAPPELLA, Respondent, v. ALLIED CHEMICAL & DYE CORPORATION, Appellant.— Same decision and like cause of action as in companion case of *McKenna* v. *Allied Chem. & Dye Corp.* (8 A D 2d 463).