Matthew M. Levy, J.
One Cecile T. Brinn, a stenographer in the office of the attorneys for the plaintiff, a realtor, entered into a written contract, dated January 15,1959, for the purchase from the defendant of a parcel of real property for $750,000. The down payment made by the purchaser on contract was $20,000. April 15,1959 was the adjourned date for title closing. The agreement contained a provision that it could not be changed or terminated orally. It is alleged in paragraph *181 Seventh of the complaint that, on April 10, 1959, the plaintiff entered into an agreement with the defendant, under which the defendant agreed to rescind the afore-mentioned contract of purchase and sale, and to terminate and cancel the obligation of Brinn thereunder, and also agreed to return to her the deposit, and the plaintiff agreed to cause Brinn to rescind the contract and to terminate and cancel the obligation of the defendant, the plaintiff also agreeing to indemnify the defendant for any sums the defendant may be obligated to pay for brokerage commissions. This subsequent agreement was entirely oral and no note or memorandum thereof was ever made. Later, on the same day that this claimed oral agreement was entered into, the plaintiff alleges that he notified the defendant that Brinn had agreed to a rescission of the contract, and at this time the plaintiff claimed to be acting as the agent of Brinn. There is no dispute that the plaintiff’s assertions that Brinn did rescind and cancel and that the defendant, too, did rescind and cancel, pursuant to the arrangement reached as alleged in paragraph Seventh of the complaint, relate to claimed rescissions which are oral. At least, there is no allegation that they were in writing and there is no written proof thereof, nor is there any statement or proof that the plaintiff’s authority to act on behalf of Brinn in such termination was in writing.
On May 14, 1959, the plaintiff took an assignment of the contract and of all rights that Brinn had under it and thereafter brought this action to recover the down payment of $20,000. The defendant moves for summary judgment dismissing the complaint, pursuant to rule 113 of the Buies of Civil Practice, or, in the alternative, for judgment on the pleadings pursuant to rule 112. The defendant contends that the oral agreement to rescind the written contract was invalid as being contrary to the express provisions of subdivision 2 of section 282 of the Beal Property Law and that the plaintiff was acting as Brinn’s agent without written authority as required by subdivision 5 of section 282. The defendant further contends that the plaintiff’s alleged agreement to pay the brokerage fees was also violative of the Statute of Frauds as expressed in Personal Property Law (§ 31, subd. 2), and that, because of the unenforcibility of the plaintiff’s promise to pay the brokerage fees, there was no consideration for the alleged oral rescission given by the defendant.
Subdivision 2 of section 282 of the Beal Property Law provides that: “ A written agreement or other written instrument which contains a provision to the effect that it cannot be terminated orally, cannot be discharged by an executory agreement *182 unless such executory agreement is in writing and signed by the party against whom enforcement of the discharge is sought, or by his agent, and cannot be terminated by mutual consent unless such termination is effected by an executed accord and satisfaction other than the substitution of one executory contract for another, or is evidenced by a writing signed by the party against whom it is sought to enforce the termination, or by his agent.”
The plaintiff argues that section 282 is not applicable, since the agreement pleaded in paragraph Seventh relates to an executed agreement and not to an executory one. In support thereof, the plaintiff urges that the agreement was one of mutual promises, and indeed it was. By it, the plaintiff agreed to secure a rescission by Brinn, and by it the defendant promised that it would rescind. And the plaintiff claims that it performed, and, therefore, that the agreement was executed. The decision in this case must hinge, so far as this point is concerned, upon whether or not there was such performance of the oral agreement as to remove it from the operation of section 282.
Subdivision 2 of section 282 is a comparatively recent addition to the Beal Property Law, and there appear to be no precedents discussing or deciding how much part performance is needed to remove an oral agreement of cancellation from the operation of the section. However, subdivision 1 of section 282 is concerned with the same problem, except that it involves parol modification (as distinguished from termination) of written contracts. I am of the opinion, therefore, that the cases which arose under subdivision 1 are applicable to the present-situation.
A part performance which would take a case out of the Statute of Frauds must be unequivocally related or directly referable to the oral agreement, so that the very performance which the promisee has completed tends to prove the agreement (2 Williston, Contracts [rev. ed.], § 494; see, also, Bright Radio Labs. v. Coastal Commercial Corp., 4 A D 2d 491, affd. 4N Y 2d 1021, construing Personal Property Law, § 33-c, the companion statute to Real Property Law, § 282; and Neverman v. Neverman, 254 N. Y. 496).
I would, of course, deem the cases cited by the plaintiff, which also arose under subdivision 1, applicable to subdivision 2, but it clearly appears in those cases that the oral modifications were actually acted upon or carried into effect. Thus, in Alcon v. Kinton Realty (2 A D 2d 454, motion for leave to appeal dismissed 2 N Y 2d 836) the landlord granted a lease *183 to a third party in reliance upon the oral modification. And in Keen v. Sinai (136 N. Y. S. 2d 427) the parol modification also had been acted upon. Analogy to a promissory estoppel is of some value in this context, and in either of these cases, the nonrecognition of the oral agreement would have resulted in a detriment to the party acting in reliance upon the change. In the instant case, on the other hand, neither party acted in reliance upon the oral agreement and neither party changed his position as a result of that engagement. What we have here, then, is an agreement which falls directly within the prohibition of subdivision 2 of section 282 of the the Real Property Law. And it is quite clear that if a third party who is a stranger to the contract seeks to rescind or modify the agreement by a collateral undertaking, the provisions of section 282 are still applicable (Bright Radio Labs. v. Coastal Commercial Corp., supra, pp. 493-494).
Assuming, however, that the agreement is not barred by section 282 because, as the plaintiff urges, it is not executory, then other questions remain.
By paragraph Seventh, the plaintiff has in effect set forth an alleged independent contract by which he undertook to cause Brinn to rescind, in consideration of the defendant’s promise to rescind, and in consideration, in turn, of the plaintiff’s promise to indemnify the defendant as to brokerage. The defendant contends that the plaintiff’s undertaking to indemnify the defendant is barred as not being in writing. In my view, that point is without merit, since the plaintiff’s agreement to indemnify ran not to the defendant’s creditor, but to the defendant, the debtor, and was part of the independent agreement set forth in paragraph Seventh of the complaint. The promise here, as alleged, was made to the debtor, and only such promises as are made to the creditor are within the purview of the statute (see Tomaso, Feitner & Lane v. Brown, 4 N Y 2d 391, and cases cited therein). If the contract to pay the brokerage fees was valid, then there was consideration for the agreement to rescind. I hold, therefore, that the promise of the plaintiff to meet the defendant’s obligation, if any, for brokerage fees was not within the Statute of Frauds as a promise to “ answer for the debt * * * of another person.” (Personal Property Law, § 31, subd. 2).
Nor do I believe that the defendant’s contention that the plaintiff was without written authority to act on Brinn’s behalf has merit. Subdivision 5 of section 282 of the Real Property Law applies to agreements executed by agents. In its pertinent part, it reads as follows: “ If executed by an agent, any agree *184 ment, evidence of termination, notice of termination or waiver, required by this section to be in writing * * * shall be void unless such agent was thereunto authorized in writing.” In this case, the plaintiff acted merely as a means of communication between the parties and did not purport to execute any agreement on behalf of the purchaser.
Assuming, further, that the agreement is not barred by section 282 because, as the plaintiff urges, it is not executory, then the question remains whether an issue of fact has been raised. In matters of the kind here involved, the court — in seeking to ascertain whether an issue is “ feigned ” or “ genuine ” (see cases cited in Thorp v. Pittsburgh Bicentennial Assn., 22 Misc 2d 233) —is not bound by the uncorroborated assertion as made by the plaintiff (be it remembered, a realtor concerned in a transaction involving a purchase price of $750,000) that Brinn (a stenographer, it should also be recalled, in the office of the plaintiff’s attorneys) did rescind — orally—and that the defendant did rescind — orally. I am of the view that the court is simply not called upon, for the purpose of this motion, to give such credence to these statements as to be required to conclude that they raise a triable issue. I feel that the court cannot be squeamish about holding that a triable issue does not exist merely because the plaintiff makes a statement in these circumstances that the rescissions did in fact occur. In the absence of any other proof that rescissions of some kind occurred upon the part of any of the principal contracting parties, the court may, I think, decline to accept the quite fantastic story of the plaintiff. In sum, I hold that no triable issue exists. To my mind, any other decision would put a rather strained and meaningless construction upon the word “genuine”.
Insofar as the alternative relief requested under rule 112 is concerned, that now requires little discussion. As already indicated, it is my conclusion that the allegations of paragraph Seventh of the complaint set forth an independent contract. As I perceive it, there is nothing contained in the defendant’s submission that actually attacks the sufficiency of the complaint, unless the defendant assumes that its arguments under the several Statutes of Frauds are to be relied, upon to obtain a holding that the complaint is insufficient on its face. This, of course, could not ordinarily be so with respect to a complaint only, for an agreement set forth in a complaint, even though it must be in writing but is not stated so to be, will nevertheless support a sufficient cause of action (cf. Ostrander v. Coppins, 11 Misc 2d 1001, 1003). It is not the cause which is barred, but its maintenance, and that is a matter of defense (Matthews *185 v. Matthews, 154 N. Y. 288, 291-292). But in the case at bar, the plaintiff’s bill of particulars has supplemented his complaint, and specified that the agreement relied upon was oral. In such circumstances, while “ [t]he complaint, standing alone, sets forth a good cause of action * * * [h] owever, considering the bill of particulars, as we must in motions of this character” (Cohen v. Erdle, 282 App. Div. 569, 570; cf. Atlas Clothing Corp. v. Consolidated Edison Co., 4 Misc 2d 238, 239), I find the complaint insufficient and subject to dismissal on this motion for judgment on the pleadings.
The defendant’s motion is therefore granted in its entirety, and the complaint is dismissed. An order has been signed and entered directing the Clerk to proceed accordingly.