Henry J. Latham, J.
The plaintiff, a laborer, allegedly fell through an opening from the ground floor to the basement of a building under construction, owned by the defendant 0. Boy Chalk 77th Street, Inc., which reserved to itself supervision and control of the work being performed by the various contractors including the work of pouring concrete floors. The latter (hereinafter referred to as the “ owner ”) impleaded the plaintiff’s employer Barnaby Concrete Corporation (hereinafter referred to as “Barnaby”), the concrete work subcontractor, and M. Eisenberg & Bros., Inc., the electrical work subcontractor. The third-party defendant Barnaby now moves to dismiss for legal insufficiency, pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice, the two causes of action which have been alleged against it in the third-party complaint, one based on common-law indemnity and the other on an alleged written indemnity agreement.
Upon a motion such as this, the court is confined to the consideration of the complaint in the main action and the third-party complaint. (Atlas Export Corp. v. Consolidated Edison Co., 4 Misc 2d 238.) Accordingly, the supporting affidavit of one of the attorneys for Barnaby has not been read. The court is of the opinion that the cause of action for common-law indemnity is insufficient in law since the owner-third-party plaintiff, if liable at all under the complaint in the main action, may be held responsible only as an active or primary tort-feasor. (Vaughan v. Globe Neon Sign Co., 10 A D 2d 568.) Paragraph twelfth of the complaint expressly charges the owner with 1 ‘ failing to provide, install and/or maintain electric lights or other means of illumination on the ground floor and basement *500 of said building; in failing to warn plaintiff of the dangerous and hazardous condition then existing in said building; in failing to put in use safety measures in order to avoid the happening of the accident; in allowing and permitting an opening in the ground floor of said building to be and remain in an uncovered and unguarded condition; and in failing to provide plaintiff with a safe place to work.”
As for the second cause of action based upon an alleged written indemnity agreement, the brief excerpt therefrom pleaded in paragraph eighteenth of the third-party complaint is not sufficient, standing alone, to require indemnification of the third-party plaintiff for its own negligence. Other portions of the agreement, however, not pleaded by the third-party plaintiff, but referred to in its brief may, when read in context with the entire agreement, spell out an undertaking sufficient to indemnify against the owner’s own negligence. (See Jordan v. City of New York, 3 A D 2d 507, affd. 5 N Y 2d 723.) Since the agreement is not now before the court, the motion to dismiss the cause of action based thereon is denied and the issue left to the trial court. (Cf. McCants v. Wilmorite, Inc., 9 A D 2d 724; Lyon v. Banks, 8 A D 2d 823.) It may be noted that while an agreement of indemnification may not contain express language referring to the negligence of the indemnitee, if the intention to indemnify a person against his own negligence ‘1 may be clearly implied from the language, the purposes of the agreement, or of the surrounding facts and circumstances ” indemnification may follow. (Salamy v. New York Cent. System, 1 A D 2d 27, 29.) Submit order.