John H. Pennock, J.
This is a motion by the third-party defendant for an order dismissing a third-party complaint of the defendant and third-party plaintiff, upon the ground that the said third-party plaintiff has unreasonably neglected to proceed in the action.
The main action was instituted on May 18,1960, by the plaintiff, New Paltz Growers, Inc., against the defendant, Jersey Ice Machine Company, Inc., to recover damages in the amount óf $40,000 caused by a failure of certain refrigeration equipment sold to the plaintiff by the defendant which resulted in a loss of the plaintiff’s apple crop. On or about August 4, 1960, the defendant served a third-party complaint on the third-party defendant, Frick Company. A motion by the third-party defendant to dismiss this complaint for failure to state a cause of action was denied by an order of this court on November 19,1960. An answer to the third-party complaint was served on December 9, 1960, and issue was joined over four years ago. On February 17, 1961, this court granted the plaintiff permission to serve an amended complaint. On August 30,1961, third-party plaintiff served an amended third-party complaint. On September 15, 1961, the third-party defendant served an amended answer. Thereafter on December 28,1961, the plaintiff examined the defendants before trial. On October 24, 1962, a preclusion order was entered against the third-party plaintiff. A bill of particulars was served on December 14,1962. This was over two years ago and there has been no activity since. The amended complaint of the plaintiff set forth three causes of action based on breach of contract, fraudulent representations, breach of warranty and negligence.
*953 The third-party plaintiff, in defense of this motion, relies on CPLR 3216 which requires that any motion to dismiss for failure to prosecute be based upon a 45-day demand. The motion does not seek a dismissal for failure to file a note of issue, but rather on the grounds of general delay. Therefore CPLR 3216, as amended September 1, 1964, is not applicable. (Mulinos v. Coliseum Constr. Corp., 22 A D 2d 163.) It further avers in its answering affidavit that the third-party action is “A natural and reasonable consequence of the sale of this machinery in that it joins the purchaser, the seller and the manufacturer.” The Special Term Justice on a prior motion apparently agreed with the second averment in that the motion for dismissal of the complaint was denied. Therefore this court can only conclude that the action over was maintainable. The practice of one Special Term granting same or similar motion previously denied by another Justice is strongly condemned. (Heischober v. Polishook, 152 App. Div. 193.)
The defendant and third-party plaintiff also takes refuge in the averment that: 1 ‘ The failure to prosecute is on behalf of the plaintiff, New Paltz Growers, Inc., and not on the Jersey Ice Machine Co., for the former has allowed four years to pass, therefore, * * * respectfully contends that if anything, this motion should be directed against both actions and that the initiating action be likewise dismissed for failure to prosecute.” The third-party plaintiff, by commencing the third-party action, interjected itself as an aggressor plaintiff party and assumed the duties and responsibilities of a plaintiff in pressing its action. It had the right to bring motions for dismissal under CPLR 3216, and at one time according to its own averment in December of 1962, concurred with the attorneys for the third-party defendant that there has been no activity in this matter and no note of issue had been filed. The third-party plaintiff has failed to impress this court that there is any reasonable excuse for the delay on its part to prosecute the action. Its answering affidavit fails to set forth any specific reasons which would permit this court to pass upon. The court is therefore constrained to follow the rules as set down in Sortino v. Fisher (20 A D 2d 25) in assessing how substantial is a delay in a case. Since the last stir of activity in the instant case was over two years ago it is material to note the age of the cause of action, when the action commenced, and when the issue was joined. If a delay was avoidable, it is no excuse to lay it at the door of the plaintiff in the main action. The third-party plaintiff stands on its own activity or lack of activity and must justify the delay with some reasonable excuse. Its affi *954 davits are void of any alleged excuse for such a delay of over two years. As stated in the Sortino case (supra, p. 32), a neglected action is “ suspect as to its merits ”. This is the precise point at which this court must depart from the cases interpreting this rule. (Sortino case, supra.) Each case must be considered on its peculiar facts. The prior Special Term decided the motion on dismissal of the complaint in its determination that the third-party complaint had merit and stated a cause of action. (Leono v. Chalk 77th St., 27 Misc 2d 498.) Thus the action over has merit as this court must accept the findings of the prior Special Term in respect to the sufficiency of the third-party action (CPLR 3211, subd. [a], par. 7). But it is not prohibited to exercise its discretion in the interest of justice. The mere fact that a case has merit is not sufficient to defeat the motion, although it must be considered by the court. The motion meets the other guidelines as set forth in the Sortino case and in view of the inactivity for over a period of two years which is uncontroverted, without reasonable excuse offered, the court determines that the motion is granted in all respects, with costs.