SARAH GOULD, as Administratrix of the Estate of LEO GOULD, Deceased, et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 26271.)

Court of Claims, February 3, 1944.

[redacted]

[redacted]

*Samuel L. Greenberg*, *Arthur L. Gould* and *Edward Deutsch* for claimants.

*John J. Bennett, Jr., former Attorney-General* (*Martin P. O'Leary* and *Moses Kove* of counsel), and *Nathaniel L. Goldstein, Attorney-General* (*William F. McNulty* and *Mortimer H. Michaels* of counsel), for defendant.

FITZSIMMONS, J. Alleging negligence against the State, through its officers and employees, attaches of Rockland State Hospital, claimants seek substantial damages, (a) for the wrongful death of Leo Gould, deceased, which occurred one-half hour after he had been forcefully struck upon his face and head with a shoe wielded by a fellow inmate, while both were among twenty-eight inmates of a known assaultive nature, confined in a fifty-foot by thirty-five-foot " day room " under the care of a single attendant; (b) for an unlawfully performed autopsy upon the body of the deceased; and (c) for failure to replace, prior to burial, the brain, heart and other organs removed from the body during the performance of autopsy.

[Other statements included in the opinion of the court are omitted because of their subordinate importance.]

In *Liubowsky* v. *State of New York* (260 App. Div. 416, affd. 285 N. Y. 701) the Appellate Division, Third Department, considered a $5,000 award as reasonable, yet the earnings of the decedent there were less than those herein. By separate decision an award to Sarah Gould, Administratrix, of $5,000, together with special damages of $320 covering funeral expenses, is made herein.

We conclude that autopsy herein was unlawful in that the coroner, in granting consent therefor, and the hospital authorities, in their performance thereof, exceeded the authority in them vested, respectively.

Such authorities, by telephone, requested the consent, and the coroner, by like means — without further inquiry — promptly granted it. Formal autopsy, performed approximately three hours after decedent's death, awaited the coroner's arrival with signed consent therefor.

The primary duty of a coroner is to ascertain the cause of death where reasonable suspicion exists to indicate " suicide " or " by criminal means " of another. Section 773 of the Code of Criminal Procedure provides that under such conditions, a coroner is " to inquire " into such causes, ascertain the identity of, and arrest, the wrongdoer.

Where death occurs " without medical attendance," section 378 of the Public Health Law provides that a coroner " shall immediately investigate and certify as to the cause of death ".

The result of a coroner's inquest is a judicial determination of the manner in which the deceased came to his death; and, if the death be occasioned by criminal means, who is guilty thereof. (*People* v. *Coombs* [1899], 36 App. Div. 284, affd. 158 N. Y. 532.)

When circumstances at an inquest indicate necessity therefor, a coroner is justified in ordering an autopsy. (Opinion Attorney-General 1932, 45 N. Y. St. Dept. Rep. 315.)

It seems plain that the law's intent as to a coroner is to permit an autopsy only as a supplemental means to determine the cause of deaths by other than natural means.

Autopsies for specific and very limited purposes are authorized by provisions of section 2213 of the Penal Law and section 316 of the Public Health Law.

Implementing a coroner's inquiry as to " suspicious " deaths, section 2213 of the Penal Law provides, so far as here concerned, by subdivision 2 thereof, for dissection for *" the purposes of the inquest,* or to furnish the information desired by said police authorities, *and no further* * * * *"*, and, by subdivision 3 thereof, when authorized by " husband, wife or next of kin of the deceased, * * * *and no further ".* (Italics supplied.)

Was the coroner interested in the possibility of crime in connection with decedent's death? If so, an inquest should have been held. Was his interest concerned with the immediate absence of medical attention? Then an investigation should have been conducted.

The death record herein appears to establish that the " cause of death " was well known to the hospital authorities; under such conditions an autopsy was entirely unnecessary.

While the provisions of section 5-a of the Public Health Law are concerned with autopsies, no authority additional to that hereinbefore recited is thereby conferred upon a coroner to grant consent for, or to order, an autopsy, nor to hospital officials to conduct one; the title of the section, " Regulation and control of autopsies ", clearly indicates its limited purposes.

What necessity, if any, dictated removal and cutting of decedent's heart and brain? The heart, ostensibly, was required to permit of its microscopic examination; yet the coroner had no knowledge that such examination had ever been made. The record disclosing no reason for the heart's removal, we assume

that the purpose was to ascertain or confirm decedent's prior condition of arteriosclerosis, a circumstance, however, long prior thereto known to the hospital authorities.

We discern no necessity to justify the performance of autopsy herein. Such unauthorized autopsy, and burial of decedent's dismembered body, invaded the private rights of decedent's widow and children, causing them to suffer injured feelings. (See *Darcy* v. *Presbyterian Hospital,* 202 N. Y. 259, citing *Larson* v. *Chase,* 47 Minn. 307, to which the Court of Appeals refers as outlining the most elaborate consideration of the question ever passed upon by the courts of this country.)

Proof of pecuniary loss is not essential herein. (*Larson* v. *Chase, supra.*)

The sum of $1,000 is reasonable as the measure of damages for injured feelings suffered by decedent's widow and children herein. (*Grawunder* v. *Beth Israel Hospital Assn.,* 242 App. Div. 56, affd. without opinion 266 N. Y. 605.)

By separate decision herein we have awarded to the individual claimants herein named the total sum of $1,000 as damages herein, which sum is to be paid to claimants in proportions thereof as follows: Sarah Gould, widow, $500; Arthur L. Gould, Daniel J. Gould, Jack Gould and Anne Gould, each $125.