■ In the Matter of HENRY G. LEAKE, Petitioner, v WILLIAM CONNELIE, as Superintendent of the Division of New York State Police, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Superintendent of the Division of New York State Police. Following a hearing, petitioner, a State trooper, was found guilty by a hearing board of five charges of misconduct. Superintendent Connelie dismissed petitioner from his position, but suspended the penalty on the condition that petitioner serve a suspension of 60 days without pay and a probationary period of one year (later reduced to six months) upon his return to service. Petitioner was charged with violating various sections of the Regulations of the Division of State Police, including section 8.3 which provides that: "It shall be the duty of each member of the New York State Police to obey every lawful command issued orally * * * by competent authority which shall mean * * * members of the Division senior in rank and/or grade to the recipient of the command or order." He was also charged with failing to take proper police action and failing to report an existing or potential violation of the law to his immediate superior (§ 8.4); failing to discuss confidential information when directed by a commissioned officer (§ 8.45); and failing to assume responsibility or exercise diligence and intelligence in the pursuit of his duties, and by engaging in misconduct and neglect of his duties (§ 8.41). Petitioner first contends that the determination under review is not supported by substantial evidence. We disagree. He testified that he was told by a superior officer, Captain Halloran, to call his informant, but that he refused. He, thus, admitted Charge No. I, that he failed to obey a command issued orally by competent authority. Next, petitioner admitted that he refused to obey an order of another superior officer to turn over evidence. He testified that he told the officer that he had flushed the statement down the toilet. Finally, petitioner admitted that he refused to obey a direct order of his superior officer, Investigator Fairchild. Therefore, petitioner's own testimony at the hearing constituted substantial evidence of his violation of the regulations. Petitioner argues, however, that the orders of his superior officers were not lawful and, thus, his failure to obey them was not a violation of the division's regulations. He takes the position that he was forced to choose between disclosing information he promised he would keep confidential and violating a direct order of his superiors. We are unpersuaded. There are no provisions in the Regulations of the Division of State Police sanctioning a refusal to divulge an infor-

mant's identity to a superior officer, and the orders were not rendered unlawful merely because they forced petitioner to break his promise to his informant. We conclude that the orders to divulge the identity of the informant and to turn over the statement were lawful. Petitioner next contends that the condition of his probation requiring that he "shall desist from critical, argumentative and provocative remarks, writings or announcements to the news media, or persons outside the Division of State Police" violates his First Amendment rights. Since the six-month probationary period which commenced on May 11, 1978 has expired, the question has become moot; and since there is no proof in the record that the matter is "likely to arise with frequency" *(Matter of Gold v Lomenzo,* 29 NY2d 468, 476), we decline petitioner's invitation to consider the question. Finally, in view of the fact that a police department is a quasi-military organization, requiring strict discipline and prompt obedience to orders *(Matter of Bal v Murphy,* 55 AD2d 26, 29, affd 43 NY2d 762), we cannot say that the penalty imposed upon petitioner was so disproportionate to the offense as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-235). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.