■ Leon Greenberg, Respondent, v Pine Hollow Standardbred Sale & Management Corp. et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered September 12, 1979 in Sullivan County, denying defendants' motion for a change of venue to New York County. This action was commenced in Sullivan County by plaintiff, a resident of Sullivan County, to recover the sum of $2,000 which plaintiff alleges was wrongfully withheld by defendants as a result of an oral agreement engaging defendants as agents for the purpose of finding a buyer for plaintiff's right, title and interest in and to a stallion known as "Songcan". On July 11, 1979, defendants moved for an order granting them a change of venue on the grounds that this was a transitory action and that the proper county for venue was New York County, where the cause of action arose. Special Term denied the motion upon a finding that CPLR 503 (subd [a]) indicated that Sullivan County was a proper place for trial. Special Term also found that the general rule in transitory actions was, other things being equal, that proper venue was in the county where the action arose. Special Term also denied defendants' motion to reargue. From the record, it appears that no preponderance of witnesses from either side was shown. However, Special Term took judicial notice that a speedier trial could be had in Sullivan County (Slavin v Whispell, 5 AD2d 296). This clearly demonstrates that under CPLR 510 (subd 3) the ends of justice will be promoted by retaining the venue in Sullivan County. Under the circumstances, we find no reason to disturb the discretion of Special Term. Order affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of Mark Mundell, Petitioner, v Sol Prottas et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered January 9, 1979 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition. Following a disciplinary hearing, petitioner, a police officer in the Village of Woodridge, was found guilty of three charges of misconduct and suspended without pay for 60 days. On three separate occasions, petitioner admittedly left his post in the Village of Woodridge and removed himself and his village police vehicle outside the village limits. On each occasion, petitioner did not secure authorization and there was no evidence that an emergency existed. Additionally, the testimony established that the village was without village police protection at the times when petitioner removed himself and the police vehicle from the Village of Woodridge. Accordingly, the record contains substantial evidence to support the respondents' determination that petitioner violated paragraph 34.0 of chapter 3 of the Rules and Regulations of the Village of Woodridge Police Department which prohibit an operator from removing his car "out of the post assigned except in an emergency, or as otherwise provided." Next, we cannot say that the penalty imposed upon petitioner was so disproportionate to the offense as to be shocking to one's sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222, 233-235). A police department is a quasi-military organization, requiring strict discipline and obedience to its rules and regulations (see Matter of Leake v Connelie, 75 AD2d 912). Judgment affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.