■ In the Matter of KATHERYN DE MILO, Appellant, v DEPARTMENT OF PUBLIC SAFETY OF CITY OF MOUNT VERNON et al., Respondents. — Appeal, pursuant to section 120 of the Charter of the City of Mount Vernon (L 1922, ch 490) from a determination of the Mount Vernon Commissioner of Public Safety, dated September 30, 1980 and made after a hearing, which (1) found petitioner guilty (a) of violating subdivision 2 of chapter 27 of the Rules and Regulations of the Department of Public Safety, City of Mount Vernon, in that she disobeyed the lawful order of a superior officer, and (b) of violating subdivision 30 of chapter 27 of said rules and regulations, in that she made untruthful remarks or statements regarding a member of the Department of Public Safety and (2) imposed a penalty of forfeiture of five days' pay. Determination affirmed, without costs or disbursements. The determination under review was supported by substantial evidence. Under all the circumstances, we do not find the penalty imposed to be so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.*, 34 NY2d 222; *Matter of Short v Nassau County Civ. Serv. Comm.*, 45 NY2d 721; *Matter of Mundell v Prottas*, 76 AD2d 952). Damiani, J. P., Lazer, Gulotta and Margett, JJ., concur.

■ In the Matter of MINNA LEIB, Appellant, v GARY PAPARO, as Medical Examiner of the County of Westchester, Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review respondent's determination that petitioner's son committed suicide, petitioner appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered March 27, 1981, which dismissed the petition. Judgment affirmed, without costs or disbursements. A medical examiner's determination that a decedent committed suicide is a quasi-judicial determination (see *Gould v State of New York,* 181 Misc 884; cf. County Law, § 674, subd 4) and, hence, is reviewable in a proceeding pursuant to CPLR article 78. In this case, the presumption that a decedent did not commit suicide (see *Garrow v State of New York,* 268 App Div 534, affd 294 NY 741) was overcome by the evidence in the record. Therefore, the determination of the medical examiner must be confirmed (see *Matter of Mitchell v Helpern,* 17 AD2d 922, affd 14 NY2d 817). Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.