■ In the Matter of NEIL J. KENNY, Petitioner, v WILLIAM G. CONNELIE, as Superintendent of the Division of New York State Police, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Superintendent of the Division of New York State Police which dismissed petitioner after a disciplinary hearing. Petitioner was a New York State trooper who was dismissed from his position by respondent Connelie following incidents on September 11 and 12, 1980 wherein he admittedly called his supervisor prior to the start of his work shift and falsely informed him that he would not be reporting for work because he was ill with a virus. Actually, petitioner was not ill, but had been drinking alcoholic beverages to excess with the result that he was unable to report for work, and a few hours later, while in an intoxicated condition at a friend's residence, he pointed a gun at the barking dog of the friend and asked if the friend wanted the dog shot. As a result of these occurrences, five charges were filed against petitioner, and he was ultimately dismissed from the State Police by respondent Connelie. In the instant proceeding, petitioner does not dispute the validity of the charges against him, but argues solely that the penalty of dismissal is so disproportionate to the offenses charged that it must be annulled. We disagree. An examination of petitioner's prior record reveals that, on July 2, 1979 and January 21, 1980, he was previously censured and punished by his troop commander for actions arising out of his excessive use of alcohol, and on the second occasion, he was expressly warned by the troop commander that further such conduct would not be tolerated. Given all these circumstances and recognizing the strict discipline required for the proper functioning of the State Police, it cannot be said that respondent abused his discretion in dismissing petitioner (cf. *Matter of Mundell v Prottas,* 76 AD2d 952; *Matter of Leake v Connelie,* 75 AD2d 912). In so ruling, we lastly note that, while evidence in the record suggests that petitioner is presently having some success in his battle with alcohol, that factor by itself does not warrant a reversal of respondent's determination. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.