■ In the Matter of KEVIN GEBERTH et al., Respondents-

Appellants, v DONALD P. AUGUSTINE, as Commissioner of Public Safety of the City of Mount Vernon, et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to review three determinations of the Commissioner of Public Safety of the City of Mount Vernon, all dated February 19, 1987, finding three Mount Vernon police officers guilty of misconduct after administrative hearings, the Commissioner of Public Safety, the Deputy Commissioner of Public Safety, and the Chief of Police of the City of Mount Vernon appeal from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), entered October 22, 1987, as annulled the determinations, and the officers cross-appeal from so much of the same judgment as denied their application for an award of attorney's fees pursuant to 42 USC §§ 1983 and 1988. The officers also directly appeal from the same administrative determinations of misconduct, all dated February 19, 1987, pursuant to the Charter of the City of Mount Vernon § 120 (L 1922, ch 490).

Ordered that the appeal and the cross appeal from the judgment are dismissed, without costs or disbursements, and the judgment is vacated; and it is further,

Adjudged that the determinations are modified by vacating the penalties imposed; as so modified, the determinations are confirmed, without costs or disbursements, and the matters are remitted to the appellants-respondents for the imposition of penalties not inconsistent herewith.

Initially we note that the appeal and cross-appeal from the judgment of the Supreme Court, Westchester County, rendered in the proceeding pursuant to CPLR article 78 must be dismissed, as the proper vehicle for review of a determination of the Commissioner of Public Safety of the City of Mount Vernon which aggrieves a Mount Vernon police officer is a direct appeal to this court pursuant to Charter of the City of Mount Vernon § 120 (L 1922, ch 490; see, Matter of De Milo v Department of Pub. Safety, 84 AD2d 538).

Although procedurally complex, the merits of this matter are quite simple. The evidence established that Officers Theresa Lisella and Paul Merck engaged in off-duty employment without seeking and obtaining permission therefor as required by the applicable rules and regulations of the Mount Vernon Police Department (see, General Municipal Law § 208-d). Equally clear is the fact that Lieutenant Kevin Geberth, who solicited the services of these officers (along with those of Officer Rolland who pleaded guilty to the administrative charge), failed to make certain that these officers had followed

proper procedures as he was affirmatively obligated to do. Moreover, in carrying out their unauthorized off-duty responsibilities, which in essence required them to protect an elderly couple from the harassing behavior of a neighbor in Yonkers, Officers Merck and Rolland had an encounter with this neighbor which prompted action by Yonkers police. Although the Grand Jury ultimately declined to hand down indictments against these officers, Geberth was aware of these developments as they unfolded yet he failed to immediately report them to his superiors as he was required to do.

Our review of the record convinces us that the administrative charges were supported by substantial evidence and thus the determinations of guilt should be confirmed (see, Matter of De Milo v Department of Pub. Safety, supra). The officers' allegations of impropriety on the part of the Hearing Officer, Corporation Counsel and Commissioner of Public Safety do not persuade us to reach a different conclusion. These allegations are either unsubstantiated or are of such trivial nature as in no way to deny them due process of law (see, Matter of Taub v Pirnie, 3 NY2d 188; Matter of Warmack v Jacobs, 29 Misc 2d 957).

Although we are convinced that the administrative determinations were supported by substantial evidence, this matter must be remitted to the Commissioner for the imposition of appropriate penalties. The forfeiture of 15 vacation days as imposed against Officers Lisella and Merck is not authorized under Civil Service Law § 75 (3). The 60-day suspension imposed against Lt. Geberth, during which he is required to report daily to the desk officer, is disproportionate to the offense. A 30-day suspension without the reporting requirement, would be more appropriate. Kooper, J. P., and Sullivan, J., concur.

Harwood, J., concurs, with the following memorandum. I concur in the result reached by my colleagues in the majority and vote, along with them, to modify the determinations only to the extent of vacating the penalties imposed and to otherwise confirm them. I am satisfied that there is substantial evidence in the record to support the conclusion that the officers were guilty of the charged misconduct. I only file this separate opinion to stress my distaste for the manner in which the appellants-respondents discharged their administrative responsibilities. While I agree with my dissenting colleague that the conduct of the Hearing Officer and the Commissioner was far from exemplary, I do not agree, however, that the officers were thereby denied due process of law.

Balletta, J., dissents and votes to annul the determinations and dismiss the charges with the following memorandum. A review of the entire proceeding leads me to the inescapable conclusion that the officers were deprived of a fair hearing. Accordingly, I dissent, and vote to annul the administrative determinations appealed from.

Although the charges against the three police officers may have been supported by substantial evidence, the administrative determinations should nevertheless be annulled as the procedures employed and the numerous improprieties committed all served to deny the officers their right to due process.

It appears that Commissioner Augustine had prejudged the guilt of these officers even before the hearings were held, thus rendering the hearings a sham from the very beginning. The Commissioner does not deny making such a prejudgment but relies upon the fact that it was Deputy Commissioner Lucas who actually presided over the hearings, and that any predetermination the Commissioner may have made was therefore irrelevant. Nevertheless, the Deputy Commissioner's sole function was to hold the hearings and make a recommendation to the Commissioner, and it was the obligation of Commissioner Augustine alone to make the final determinations as to the guilt or innocence of the officers.

In addition, Deputy Commissioner Lucas, who presided over the hearings, had privately admitted his intention to diligently prosecute these officers so as to make an example of them. At the hearing, however, he declined to recuse himself or to testify, despite repeated objections and requests by the attorney for the officers. In view of his admitted intentions, the Deputy Commissioner should have disqualified himself as the Hearing Officer (see, Matter of Aiello v Tempera, 65 AD2d 791). Furthermore, it appears that the Hearing Officer had engaged in ex parte communications with the Corporation Counsel who prosecuted these matters, thereby tainting his determinations (see, Matter of Avery v Rechter, 56 AD2d 963). Finally, not only did the Deputy Commissioner make a recommendation of guilt before the transcripts of the hearings were received and reviewed, the Commissioner himself approved the findings before the transcripts of the hearings were made available for review.

While the Hearing Officer may have been in possession of all pertinent facts and thus any technical omissions may be excusable (see, e.g., Matter of Taub v Pirnie, 3 NY2d 188), the same cannot be said of the Commissioner, who was charged

with the sole responsibility of making the final determinations based upon the Hearing Officer's recommendation. The officers were entitled to have the Commissioner review the transcripts so that he could make an informed judgment as to the recommendation made *(see, Matter of Weekes v O'Connell,* 304 NY 259).

In general, the tenor of the hearing was such to deprive the officers of a fair trial. "[N]o essential element of a fair trial can be dispensed with * * * without rendering the administrative determination subject to annulment upon review" *(Matter of Simpson v Wolansky,* 38 NY2d 391, 395). As such elements were absent in the instant case, the Commissioner's determinations should not be allowed to stand.