■ In the Matter of TINA MACGILFREY, Appellant, v G. DOUGLAS PUGH, as Chairperson of the New York State Unemployment Insurance Appeal Board, et al., Respondents. [629 NYS2d 852] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 11, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, directing the Unemployment Insurance Appeal Board to maintain a current index of its decisions.

The Commissioner of Labor initially disqualified petitioner from receiving unemployment insurance benefits because she "lost her employment through misconduct in connection therewith" for allegedly making an obscene remark to her supervisor. After an administrative hearing, held at petitioner's request, an Administrative Law Judge (hereinafter ALJ) overruled the initial determination, holding that the occurrence was "a single incident without precedent or warning for insubordination". The employer then appealed the matter to the Unemployment Insurance Appeal Board. In addition to arguing the merits of her claim, petitioner also argued that the Board denied her procedural due process by failing to comply with the index provision of Labor Law § 534.

Before the Board reached a decision, petitioner commenced the instant CPLR article 78 proceeding to compel the Board to furnish a current index, by topic, of the principles of law of its decisions and court decisions involving unemployment insurance, as required by Labor Law § 534. Petitioner claimed that she needed the index to properly prosecute her claim and that Labor Law § 534 requires that the Board make available such an index to the public. Supreme Court dismissed the instant petition during pendency of the administrative appeal without prejudice for renewal following the Board's determination of the appeal. Thereafter, the Board reversed the decision of the ALJ and sustained the initial determination, ruling that petitioner's unreasonable behavior constituted misconduct.

Supreme Court incorrectly concluded that the matter was not ripe for review (see, e.g., Abbott Labs. v Gardner, 387 US 136, 148; Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 518, cert denied 479 US 985). The Board's failure to

maintain an index was a final determination which petitioner asserts harmed her. Thus, her CPLR article 78 claim was arguably ripe for review. Petitioner did not attack the decision as to whether she was entitled to benefits, only the decision not to furnish the index, which she alleges inhibited her ability to present relevant legal principles or precedents in a meaningful way.

Supreme Court also incorrectly concluded that it lacked subject matter jurisdiction. The instant proceeding does not seek review of the type of Board decision contemplated by the Legislature in providing the exclusive review procedure in Labor Law §§ 624 and 626. These two sections relate to decisions of the Commissioner of Labor or appeals therefrom (Labor Law § 626), or direct appeals to this Court when claimants are aggrieved after a decision of the Board (Labor Law § 624) (*see, Institute for Resource Mgt. v Roberts*, 122 AD2d 465, 467, *lv denied* 69 NY2d 602). The instant proceeding instead, seeks relief in the nature of mandamus pursuant to CPLR article 78 and, thus, the petition was properly brought pursuant to CPLR 7804 (b).

However, Supreme Court correctly ruled that the Legislature made a specific determination to phase out the index-keeping requirement of Labor Law § 534 by impliedly repealing that section requiring the index (*see,* L 1982, ch 662). According to the testimony of respondent Executive Secretary of the Board, the Legislature in 1988 reduced the funding allocated for the index project to $30,000 from the $200,000 which was allocated in the 1986 and 1987 budgets, with the budget proviso that: "Notwithstanding section 534 of the labor law or any other inconsistent provision of law, activities supported by this appropriation shall be terminated and shall only support existing positions through June 30, 1988 to phase out the project." The Executive Secretary further testified that the Board phased out all expenses related to the index in 1988, although it did set up a " 'Table of Unemployment Insurance Appeals Issues' " and a digest of leading cases from 1979 to 1983 on the most common issues. These documents are open to the public upon request. The Executive Secretary also averred that the Legislature allocated no further moneys in the State budget since 1988 for maintaining the index.

Thus, the Legislature, by its enactments, has clearly demonstrated its intention to at least implicitly repeal the legislation providing for maintenance of an index (*see, Matter of State of New York v Ford Motor Co.*, 74 NY2d 495, 500; *see also, Ball v State of New York*, 41 NY2d 617, 622; *Matter of Natural Re-*

*sources Defense Council v New York City Dept. of Sanitation,* 83 NY2d 215, 222-223). Accordingly, the petition was properly dismissed. Petitioner's arguments that the absence of the index squanders judicial resources and denies her her right to due process are without merit.

Crew III, White, Yesawich Jr. and Peters, JJ. concur. Ordered that the judgment is affirmed, without costs.