■ In the Matter of WILLIAM PODSZUS, Appellant, v CITY OF MOUNT VERNON DEPARTMENT OF PUBLIC SAFETY et al., Respondents. [667 NYS2d 432] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Public Safety of the City of Mount Vernon, dated June 27, 1996, which, after a hearing, determined that the petitioner was guilty of insubordination and malicious gossip and imposed a penalty of the forfeiture and withholding of 10 days pay. By decision and order on motion of this Court dated June 18, 1997, the respondents' motion, in effect, to dismiss the proceeding, was held in abeyance and was referred to the panel of Justices hearing the proceeding for determination upon the argument or submission of the proceeding.

Ordered that the motion is granted; and it is further,

Adjudged that the proceeding is dismissed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The petitioner, William Podszus, a police officer with the City of Mount Vernon Police Department, was charged with insubordination, incivility, and malicious gossip as the result of an incident which occurred in August 1995. Following a hearing, the Commissioner of Public Safety found the petitioner guilty of the charges of insubordination and malicious gossip, and imposed as a penalty the forfeiture and withholding of 10 days pay. The petitioner then commenced the instant CPLR article 78 proceeding to review the determination and to recover back pay. The petition challenged both the evidentiary basis for the determination and the penalty imposed. The respondents moved in the Supreme Court to dismiss the proceeding, on the ground, *inter alia,* that a proceeding pursuant to CPLR article 78 was not the proper vehicle to review the determination, but rather the petitioner should have taken a direct appeal to this Court from the determination of the Commissioner of Public Safety. The motion was denied, and the court transferred the proceeding here pursuant to CPLR 7804 (g), reasoning that such a transfer operated in the same manner as a direct appeal. The respondents then moved in this Court, *inter alia*, to dismiss the proceeding on the same ground. We agree that the proceeding must be dismissed.

Pursuant to the Charter of the City of Mount Vernon § 120 (L 1922, ch 490), the exclusive vehicle for a police officer seeking review of a determination of the Commissioner of Public Safety of the City of Mount Vernon is a direct appeal to this

Court, to be taken within 30 days following the determination (*see, Matter of Geberth v Augustine,* 143 AD2d 910; *Matter of DeMilo v Department of Pub. Safety,* 84 AD2d 538; *cf., Matter of MacGilfrey v Pugh,* 217 AD2d 888; *Matter of Bock v Cooperman,* 89 AD2d 539, *affd* 59 NY2d 776). Therefore, the Supreme Court was without subject matter jurisdiction to entertain the proceeding (*see, Matter of MacGilfrey v Pugh, supra; Matter of Bock v Cooperman, supra),* and improperly transferred it to this Court. Accordingly, the respondents' motion is granted and the proceeding is dismissed. Bracken, J. P., O'Brien, Sullivan and Santucci, JJ., concur.