■ WILLIAM E. PODSZUS, Respondent, v MICHAEL H. SUSSMAN et al., Appellants. [731 NYS2d 854] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered December 21, 2000, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, William Podszus, a police officer, was aggrieved by a determination of the Commissioner of Public Safety, Bureau of Police, of the City of Mount Vernon, which, after a hearing, found him guilty of charges of insubordination and malicious gossip, and imposed as a penalty the forfeiture and withholding of 10 days' pay (*see, Matter of Podszus v City of Mount Vernon Dept. of Pub. Safety,* 246 AD2d 548).

Podszus subsequently brought this action to recover damages for legal malpractice, *inter alia,* against his attorney Michael H. Sussman, alleging that Sussman failed to timely take a direct appeal to this Court within 30 days of the rendering of the determination, as specified in Mount Vernon City Charter § 120. Podszus further alleged that an appeal would have resulted in the vacatur of the determination and penalty against him. The defendants moved for summary judgment. The Supreme Court denied the motion, finding an issue of fact existed with regard to whether the plaintiff would have prevailed on the appeal.

Contrary to the plaintiff's contention, the Hearing Officer's determination was supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-180). Moreover, the penalty imposed, forfeiture and the withholding of 10 days' pay, was not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *see, Matter of Stolz v Board of Regents,* 4 AD2d 361, 364). Accordingly, the plaintiff would not have prevailed on appeal. Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.